IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA ANDERSEN,

       Plaintiff,

v.                                                    No. 1:20-cv-00553-JFR

FORREST FENN and
FNU LNU,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING LEAVE TO FILE AN AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on Plaintiff's Verified Complaint for Injunction and Other Relief, Doc. 1, filed June 8, 2020 ("Complaint").

Plaintiff alleges that she spent substantial monies and time searching for the treasure that Defendant Fenn had hidden and that Defendant Fenn acknowledged that Plaintiff solved the clues in Defendant Fenn's poem regarding the location of the hidden treasure. *See* Complaint at 2, ¶¶ 7-8. Plaintiff alleges that the unknown Defendant found the treasure by hacking Plaintiff's computer and/or emails and physically stalking Plaintiff once she arrived for her final searches for the hidden treasure. *See* Complaint at 3-4, ¶¶ 11, 16. Plaintiff states that "but for the improper conduct of Unknown Defendant, [Plaintiff] would have located the treasure" and that "it would be improper for [Defendant] Fenn to convey any right or title in the treasure chest to Unknown Defendant." Complaint at 5, ¶¶ 23, 25.

Plaintiff asks the Court to enjoin the unknown Defendant from selling the treasure, to order the unknown Defendant to turn the treasure over to Plaintiff, to enjoin Defendant Fenn from

assisting the unknown Defendant in securing "right/title" to the treasure, and to order Defendant Fenn to facilitate the transfer of the treasure to Plaintiff.  Complaint at 6, ¶¶ 27-28.

To be entitled to entry of a preliminary injunction pursuant to Fed. R. Civ. P. 65, Plaintiff must establish that:

> (1) [he or she] will suffer irreparable injury unless the injunction issues; (2) the threatened injury ... outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood [of success] on the merits.

*Schrier v. University of Colorado*, 427 F.3d 1253, 1258 (10th Cir. 2005) (stating "As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal.").

The Complaint fails to state a claim for a preliminary injunction because there are no allegations that Plaintiff will suffer irreparable injury unless the injunction issues, that the injunction would not be adverse to the public interest, and that there is a substantial likelihood of success on the merits.

The Complaint does not contain any allegations demonstrating that the alleged harm to Plaintiff satisfies the element of irreparable harm.  Furthermore, Plaintiff seeks "monetary damages for any of the assets removed from the treasure chest" which suggests that any injury is reparable.  Complaint at 6, ¶ 27(c).  "A showing of irreparable harm requires that the injury be both certain and great, … and that it must not be merely serious or substantial … Economic loss usually does not, in and of itself, constitute irreparable harm."  *Port City Properties v. Union Pacific R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008).

Plaintiff has not stated a claim upon which relief can be granted against Defendant Fenn and, consequently, cannot show a likelihood of success on the merits against Defendant Fenn.  *See* Fed. R. Civ. P. 8(a)(2) (a pleading that states a claim for relief must contain a short and plain

statement of the claim showing that the pleader is entitled to relief"); *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011) (the plausibility "pleading requirement serves two purposes: to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of 'a largely groundless claim'"). Plaintiff states that she "does not know whether Forrest Fenn has reserved any interest in the treasure chest," and that she "does not intend to suggest in any regard that Forrest Fenn was in any regard involved in or had knowledge of the improper, illegal and unethical acts of Unknown Defendant." Complaint at 5, ¶ 24. Plaintiff appears to have included Defendant Fenn as a Defendant only to preclude Defendant Fenn from assisting the unknown Defendant in "securing right/title to the chest." Naming Fenn as a defendant solely to enjoin him is not proper, because there is no claim against him, and not necessary because an injunctive order binds a nonparty who is "in active concert or participation with" a party and has actual notice of the order. Fed. R. Civ. P. 65(d)(2)(C).

The Complaint does not show a likelihood of success on the merits against the unknown Defendant because the Complaint does not clearly state a claim upon which relief can be granted against the unknown Defendant. The Complaint alleges that the unknown Defendant "secured the location of the treasure by unethical and illegal means and should be barred from having any right or title in the treasure." Plaintiff's claim seems to be the following: (i) Plaintiff spent time and money to solve Defendant Fenn's poem regarding the location of the treasure; (ii) the unknown Defendant hacked Plaintiff's computer and stalked Plaintiff; and (iii) the unknown Defendant found Defendant Fenn's hidden treasure before Plaintiff could. While Plaintiff may be entitled to

some damages based on the unknown Defendant hacking her computer, it is not clear to the Court that Plaintiff has stated a claim showing she is entitled to the treasure.

The Court grants Plaintiff an opportunity to file an amended complaint that states a claim for injunctive relief. While Fed. R. Civ. P. 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Plaintiff must "state [her] claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatwright*, 477 F.3d 1140, 1148 (10th Cir. 2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because the claims in the original Complaint against Defendants were not clear, Plaintiff's amended complaint shall set forth each claim in separate counts. *See* Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count").

**Jurisdiction**

Plaintiff states the "Court has jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1331." Complaint at 1, ¶ 4. The only reference to a federal question is Plaintiff's allegations that the unknown Defendant violated 18 U.S.C. § 1030, "Fraud and related activity in connection with computers," by hacking into her computer. Section 1030 is a statute which imposes criminal penalties for violations of the activities prohibited by the statute. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Diamond v. Charles*, 476 U.S. 54, 64 (1986). Consequently, there is no properly alleged federal question jurisdiction.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**Notice**

The Court notifies Plaintiff, who is an attorney[1] proceeding *pro se*, of the following:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

---

[1] Plaintiff informed Clerk's Office staff via telephone that she is an attorney.

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**IT IS ORDERED** that Plaintiff may, within 21 days of entry of this Order, file an amended complaint.  Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**