IN THE UNITED STATES DISTRICT COURT
OF NEW MEXICO

| | |
|---|---|
| Barbara Andersen          ) | |
|     Plaintiff                       )   | Case 20-cv- 00553 |
| v.                                     ) | |
| Forrest Fenn; Unknown Defendant   ) | |

# MOTION FOR RECONSIDERATION OF THIS COURT'S RULING RELATIVE TO 18 U.S.C. §1030

Barbara Andersen, as her own attorney, hereby files this motion for reconsideration of this Court relative to its rulings relative to 18 U.S.C. §1030(g).  In support of the motion, Andersen states as follows:

1.Andersen asks this Court to reconsider its ruling relative to 18 U.S.C. §1030 in that this Court found that this statute is only a criminal statute.  However, Andersen believes that this statute was amended to include the right of hacking victim to maintain a civil cause of action under same.  18 U.S.C. §1030(g) which provides as follows:

> **(g)** Any person who suffers damage or loss by reason of a violation of this section may maintain a **civil action** against the violator **to obtain compensatory damages and injunctive relief[1] or other equitable relief**.  A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses 4 (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i).  Damages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages.  No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage.  No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

18 U.S.C. §1030(g)(emphasis added).

---

[1]Andersen will be asking for injunctive relief pursuant or, in the alternative, compensatory damages, pursuant to this statute.  Andersen is unaware of any requirement that she is required to plead irreparable harm pursuant to 18 U.S.C. §1030 in order to secure injunctive relief pursuant to this statute.  Andersen is not seeking a TRO/preliminary injunction at this time given that there have been no efforts as of yet to sell/auction the chest to Andersen's knowledge.

1

2.     The courts have construed this section to allow a plaintiff/victim to bring suit pursuant to 18 U.S.C. §1030(g):

> Numerous courts have recognized that a civil cause of action is apparent from the text of § 1030(g). Although we acknowledge the criminal thrust of the section in general, as it is found in Title 18, there is ample authority for permitting civil actions to proceed based on violations of the section pursuant to the language of § 1030(g). *See, e.g., Theofel v. Farey–Jones,* 359 F.3d 1066, 1078 (9th Cir.2003) ("The civil remedy extends to '*[a]ny person* who suffers damage or loss by reason of a violation of this section.' ") (emphasis in original); *I.M.S. Inquiry Mgmt. Sys., Ltd. v. Berkshire Info. Sys., Inc.,* 307 F.Supp.2d 521, 526 (S.D.N.Y.2004) (stating that § 1030(g) affords civil action for any violation of CFAA). Accordingly, we conclude that civil relief is available under § 1030(g).
>
> Defendants make a novel argument, however, in an attempt to undercut the availability of relief here. They posit that the third sentence of subsection (g)—which limits recovery to only economic damages for a violation solely involving conduct described in subsection (a)(5)(B)(i)—also operates to exclude injunctive relief for claims involving such conduct. That reading is unwarranted. We read that sentence to mean, instead, that if one who is harmed does seek compensatory damages based on such conduct, which are available by virtue of the general statement contained in the first sentence, then *those* damages will be so limited. That is, compensatory damages for such conduct will be awarded only for economic harm. Nothing in the third sentence, however, countermands or limits the type of injunctive relief specifically authorized in the first sentence of (g). In fact, two courts have held that the third sentence does not even limit all compensatory damage claims but only those based on the specific subsection of § 1030 referred to in the third sentence. *See In re Intuit Privacy Litig.,* 138 F.Supp.2d 1272, 1281 (C.D.Cal.2001); *In re DoubleClick Privacy Litig.,* 154 F.Supp.2d 497, 519–526 (S.D.N.Y.2001).[4] Accordingly, claims for other types of compensatory damages—for conduct other than violations of (a)(5)(B)(i)—are clearly allowed, as are claims for any and all types of injunctive relief.

*P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore,* 428 F.3d 504, 511 (3rd Cir. 2005).  As such, Andersen asks that this Court reconsider its ruling relative to Andersen's right to a bring a private cause of action under 18 U.S.C. §1030(g) given that she has alleged that she

believes (a) that the Unknown Defendant has hacked her computer and/or proprietary e-mails to Forrest Fenn based on the taunting text messages that she has received and (b) her claim against that hacker exceeds $5,0000.  *See Theofel v. Farey Jones*, 359 F.3d 1066 (9th Cir. 2004)(finding that plaintiff had civil action for hacking given claim exceeded $5,000).

3. Andersen believes that this statute is still in effect at this time.  Likewise, Andersen is unaware of any decision negating the right to bring a civil claim pursuant to 18 U.S.C. §1030(g).

Wherefore, for the reasons stated herein, Andersen requests (a) reconsideration by this Court of its order relative to 18 U.S.C. §1030 and (b) a Zoom conference as to this motion and status generally.

                                          Respectfully submitted:

                                          ___/s/ Barbara Andersen_____

Barbara Andersen, 6256000
1220 West Sherwin, Unit 1E
Chicago, IL 60626
(708) 805-1123
bandersen@andersen-law.com