IN THE UNITED STATES DISTRICT COURT
OF NEW MEXICO

| | | |
|---|---|---|
| Barbara Andersen | ) | |
|     Plaintiff | ) | Case 20-cv- 00553 |
| v. | ) | |
| Forrest Fenn; Unknown Defendant | ) | |

**MOTION FOR LEAVE TO FILE A RULE 27 AND 45 PETITION AGAINST FORREST FENN AND MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT**

Barbara Andersen, as her own attorney, hereby files this motion (a) for leave to file a Rule 27/45 Petition against Forrest Fenn; and (b) for additional time to file an amended complaint against Unknown Defendant.

**Background**

1. Andersen was ordered to draft an amended complaint by today. In considering this Court's ruling and comments that Forrest Fenn would be bound by any injunctive relief issued by this Court, Andersen does not anticipate that she will include Forrest Fenn in her amended complaint.

2. However, relative to the Unknown Defendant, Andersen still intends to pursue that claim.

3. Andersen was or is in possession of text messages by a person who would only have seen Andersen while looking for the treasure and communicating with Forrest Fenn. For example, in deleted text messages, this Unknown Defendant (a) knew that Andersen almost got rained on her last May/June 2020 trip and (b) knew that Andersen's nickname for the party listed in the police report attached to the Motion for Protective Order was "Clyde" and that his girlfriend's nickname was "Bonnie". In other words, the Unknown Defendant knows of facts that a person would only know if they were hacking Andersen's e-mails and/or following

1

Andersen while she was searching. (The Bonnie and Clyde comment would have only been known if Andersen's e-mails were read.)

4. In addition, over time, Andersen began to bring props and costumes as part of her teasing/joking about the solve with Forrest Fenn. As this Court can see in Exhibit A, the Unknown Defendant also knew of the fact that Andersen wore costumes while searching for the chest. (This was a second text on the subject. )[1]. The only way for the Unknown Defendant to know that Andersen wore costumes was by hacking her e-mail or, alternatively, following her on site.

**The Need For Discovery Relative to Pleading Jurisdiction and Venue**

5. As addressed in the motion for reconsideration, Andersen believes that she has a cognizable claim pursuant to 18 U.S.C. §1030. As such, Andersen believes that this Court will still have a federal claim for jurisdiction purposes. Andersen incorporates that motion herein by reference. Alternatively, unless the Unknown Defendant resides in Illinois, this Court will have diversity jurisdiction over this litigation.

6. In addition to the fact that there is a question relative to this Court's last ruling, Andersen now faces two additional issues relative to drafting an amended complaint. Here, because Andersen is not seeking to maintain Forrest Fenn as a defendant at this time, Andersen cannot allege jurisdiction or venue given that she had no information as to the name/address of the Unknown Defendant.

7. Here, Andersen tenders an affidavit to this Court to verify that she is in need of information relative to the name and address of the Unknown Defendant so as to properly allege jurisdiction and venue. Andersen is an expected party to this litigation and resides at the 1220

---

[1] Unknown Defendant has also claimed in text messages that he has seen Andersen naked. He has not elaborated as to how this purportedly occurred.

2

West Sherwin, Unit 1E, Chicago, IL 60626. Andersen believes that she has cognizable claims against the Unknown Defendant pursuant to 18 U.S.C. §1030 (subject to this Court's ruling) and state tort claims for theft of Andersen's proprietary information relative to the solve/solve location.

8.  Here, in order to secure the name/address of the Unknown Defendant, Andersen asks this Court pursuant to Rules 27 and 45 for leave to file a petition to Forrest Fenn to ask him in the form of a written deposition questions as to same. Given that Forrest Fenn claims to have met the purported retriever of the chest and communicated with him, Andersen believes that Forrest Fenn will have contact information (i.e. name, address, phone and e-mail information) relating to the Unknown Defendant. Forrest Fenn will be a third party deponent/subpoena recipient. Forrest Fenn lives at 1021 Old Santa Fe Trail, Santa Fe, New Mexico.

9.  A petition under Rule 27 should be construed to secure the just, speedy, and inexpensive determination of actions. *Babcock & Wilcox Co. v. North Carolina Pulp Co.*, 25 F.Supp. 596 (D.Del.1938). An order requiring taking of deposition should have specified subject matter of examination and whether deposition was to be taken upon oral examination or written interrogatories. *Martin v. Reynolds Metals Corp.*, 297 F.2d 49 (9th Cir. 1961).

10. In addition to the fact that Andersen cannot plead jurisdiction and venue without information in the possession of Forrest Fenn, Forrest Fenn has noted that he is almost 90 in his affidavit responsive to another lawsuit pending in Arizona. A copy of his affidavit from that litigation is attached hereto as Exhibit B and is incorporated herein by reference. Age is another consideration relative to a Rule 27/45 petition to perpetuate discovery:

> Because of his age, appellants make a stronger case for deposing Marwitz. The age of a proposed deponent may be relevant in determining whether there is sufficient reason to perpetuate testimony. Advanced age certainly carries an increased risk that the witness will be unavailable by the time of trial. *See Texaco,*

*Inc. v. Borda,* 383 F.2d 607, 609 (3d Cir.1967) (granting writ of mandamus directing district court to allow Rule 27(a) deposition because "[i]t would be ignoring the facts of life to say that a 71–year old witness will be available, to give his deposition or testimony, at an undeterminable future date"); *De Wagenknecht v. Stinnes,* 250 F.2d 414, 417 (D.C.Cir.1957) (permitting deposition of 74–year old witness); *In re Boland,* 79 F.R.D. 665, 667 (D.D.C.1978) (noting that age of proposed deponent is relevant to Rule 27 petition, but denying petition on other grounds). In explaining why it found that appellants had not shown a valid reason for perpetuating testimony here, the district court commented that "[n]o statement has been made that the two proposed deponents are currently in advanced age or poor health." *New England Mutual Life Ins. Co.,* slip op. at 6. Appellants' affidavit, however, clearly states that Mr. Marwitz is 80 (now 81) years old.[3] His age presents a significant risk that he will be unavailable to testify by the time of trial, and the court should have considered this fact in deciding whether there were sufficient grounds for perpetuating Marwitz's testimony.

*Penn Mut. Life Ins. Co. v. U.S.*, 68 F.3d 1371, 1375 (C.A.D.C. 1995).

11.     In addition, Andersen is without knowledge as to who other than Forrest Fenn would possess the contact information of the Unknown Defendant.  Here, Forrest Fenn has claimed that he alone knows the solve/location.  Here, Andersen is without knowledge as to any person other than Forrest Fenn who would know the contact information of the Unknown Defendant.  As such, by refusing to allow Andersen to perpetuate this testimony from Forrest Fenn, justice may be improperly delayed or fail[2]. *Penn Mut. Life Ins. Co.*, 68 F.3d at 1375-76.

12.     As to the contact information of the Unknown Defendant/purported retriever of the chest, Andersen requests that Andersen be allowed to serve written deposition questions and document production requests in a combined petition for same.  Andersen asks that Forrest Fenn's answers to the deposition questions be used as evidence in any future trial.

---

[2]     Of course, if Forrest Fenn's attorney would like to disclose an alternative person to respond to the discovery questions, Andersen would be happy to work with them relative to same.

**The Need for Discovery of Forrest Fenn Relative to the Unknown Defendant's Solve, Communications and Search/Retrieval Conduct**

13. Based on the reasonable inferences from Exhibit B par. 15, Forrest Fenn claims that a male person is the purported finder. (Andersen will address below some of the open questions that remain by the search community relative to this affidavit and the purported retrieval of the chest.) The logical reading of paragraph 15 is that this third party sent communications relative to the solve and the solve location; sent communications and provided photographs relative to the search and retrieval; that communications and documents exist relative to the purported retrieval. Further, upon information and belief, Andersen believes that the relevant search area was videotaped; as such, Forrest Fenn would be in possession of the videotapes both relative to Andersen and the Unknown Defendant/retriever of the chest.

14. For the same reasons noted above, Andersen requests that this Court also allow Andersen to request this information from Forrest Fenn along with the questions relative to the contact information. In addition, it would be in the interest of judicial economy to resolve all deposition and document requests from Forrest Fenn in one document rather than in a piecemeal fashion (i.e. serve him with one petition now with all discovery requests rather than a petition now followed by subsequent subpoenas down the road). Andersen is happy to draft a petition and tender to this Court a combined petition consisting of written deposition questions and document requests prior to tendering same to Forrest Fenn.

15. In addition, Andersen asks this Court to also consider that Andersen also be allowed to ask Forrest Fenn (a) written deposition questions as to the above, outstanding questions contained in the background section and (b) a subpoena duces tecum for materials relative to the solve, the videotapes of Andersen and the Unknown Defendant, all materials relative to the purported finding/retrieval of the chest, all correspondence with the Unknown

5

Defendant, etc. Pursuant to Rule 27, Andersen is allowed to ask for both deposition and documents from third parties such as Forrest Fenn. *Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961)(allowing a plaintiff to also make requests for production after a preliminary showing under F.R.Civ.P. 27); *Petition of Ingersoll-Rand Co.*, 35 F.R.D. 122, 124 (S.D.N.Y. 1964)(allowing subpoena duces tecum to be issued pursuant to a Rule 27 petition).

16. The final set of questions that Andersen has of Forrest Fenn in terms of scope relate to some of the strange allegations that have surfaced after Andersen filed the complaint herein.  For example, there are allegations that the photographs surrounding the retrieval of both the chest and Forrest Fenn are photo-shopped/fake.  Moreover, there are allegations that some of the photographs contain images that are significant to Andersen's solve: i.e. the willow branch, the allegation of images being photo-shopped (an elephant, Mount Rushmore[3], a strange website depiction of the chest (which Andersen will explain to this Court *in camera* if allowed)), and the reference to "a canopy of stars".  Andersen would request that this Court make inquiry as to same given that they are strange/suspect[4].  Likewise, Andersen would like to go through Exhibit B paragraph 15 with Forrest Fenn.  In light of the strange conclusion of the Chase, the affidavit appears vague and imprecise.

17. If required, Andersen could present her proposed written deposition questions and *subpoena duce tecum* requests to this Court for review/approval.  Andersen requests seven days to prepare and file her proposed deposition questions and document requests from the date of this Court's order relative to same.  Andersen requests that these deposition questions/answers also be allowed in any future trial.

---

[3] This was mentioned on a YouTube video.
[4] Forrest Fenn claims that he lies 15 percent of the time in his story-telling.  It is unclear whether Forrest Fenn may be pranking the search community in his conclusion of the Chase.

6

18. Andersen requests fourteen days from the date of this Court's ruling on this motion to prepare the Rule 27/45 petition.

**Request for Extension of Time to File An Amended Complaint**

19. Based on the above and the motion for reconsideration, Andersen requests this Court allow her additional time to file an Amended Complaint and/or other potential preliminary motions.

20. Andersen also requests a Zoom conference with this Court as to this motion and status generally.

Wherefore, for the reasons stated herein, Andersen (a) requests consideration of her petition for Rule 27 and 45 discovery against (now) third party Forrest Fenn; (b) requests an extension of time to file an amended complaint against Unknown Defendant; and (c) requests a Zoom conference as to this motion and status generally.

                        Respectfully submitted:

                        /s/ Barbara Andersen

Barbara Andersen, 6256000
1220 West Sherwin, Unit 1E
Chicago, IL 60626
(708) 805-1123
bandersen@andersen-law.com