# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BARBARA ANDERSEN,

      Plaintiff,

v.                                                                                    No. 1:20-cv-00553-JFR

FORREST FENN and
FNU LNU,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Supplement Pending Motions, Doc. 13, filed July 23, 2020, Plaintiff's Motion for Reconsideration of this Court's Ruling Relative to 18 U.S.C. § 1030, Doc. 11, filed July 10, 2020 ("Motion to Reconsider"), Plaintiff's Motion for Leave to File a Rule 27 and 45 Petition Against Forrest Fenn and Motion for Extension of Time to File an Amended Complaint, Doc. 12, filed July 10, 2020

**Background**

Plaintiff filed this action alleging that she had solved the clues to the location of the treasure Forrest Fenn had hidden. *See* Verified Complaint for Injunction and Other Relief, Doc. 1, filed June 8, 2020 ("Complaint"). Plaintiff also alleges that the Unknown Defendant "hacked" Plaintiff's computer to obtain Plaintiff's "solve of the Forrest Fenn poem/puzzle and the physical location of the treasure chest," allowing the Unknown Defendant to reach the treasure before Plaintiff.

The Court notified Plaintiff that her Complaint failed to state a claim and granted Plaintiff leave to file an amended complaint. *See* Doc. 5, filed June 19, 2020. Plaintiff has since filed several motions.

**Motion to Supplement Pending Motions**

Plaintiff asserts that Forrest Fenn has announced that the treasure was found in Wyoming and that Fenn and his counsel have not responded to Plaintiff's email asking "Fenn and his counsel to answer/clarify various matters."   Motion to Supplement Pending Motions at 1 (with Fenn's "announcement" and Plaintiff's email attached).   Plaintiff asks the Court to consider her Motion to Supplement Pending Motions as a "supplement to the motions pending before this Court."   The Court grants Plaintiff's Motion to Supplement Pending Motions.

**Motion to Reconsider**

The Complaint asserted that the Court has federal question jurisdiction over this matter because the Unknown Defendant violated "the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 that prohibits the unauthorized accessing of protected computers with the intent to either obtain information …"   Complaint ¶ 18 at 4.   Plaintiff requested "a referral for the criminal investigation of the Unknown Defendant for hacking Andersen's computer work and proprietary information."   Complaint ¶ 127(e) at 6.   The Court noted that Plaintiff had not properly alleged federal question jurisdiction because 18 U.S.C. § 1030 imposes criminal penalties for violations of the statute and because a private citizen lacks a judicially cognizable interest in the prosecution of another.   *See* Mem. Op. and Order at 4, Doc. 5, filed June 19, 2020.

Plaintiff asks the Court to reconsider its ruling relative to 18 U.S.C. § 1030 because 18 U.S.C. § 1030(g) allows a "hacking victim to maintain a civil cause of action."   The Complaint did not specifically cite Section 1030(g) and did not state she was seeking compensatory or injunctive relief pursuant to Section 1030(g).   *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant.").

The Court denies the Motion to Reconsider as moot because the Court has granted Plaintiff leave to file an amended complaint and Plaintiff stated she "still intends to pursue" her claims against the Unknown Defendant. *See* Doc. 5 (granting Plaintiff leave to file an amended complaint); Doc. 12 ¶ 2 at 1 (stating Plaintiff "still intends to pursue that claim"). Plaintiff may assert a claim against the Unknown Defendant pursuant to 18 U.S.C. § 1030(g) for compensatory damages, injunctive relief, or other equitable relief.

**Motion for Extension of Time to File Amended Complaint**

Plaintiff requests an extension of time to file an amended complaint against the Unknown Defendant stating she needs discovery relative to pleading jurisdiction and venue. Doc. 12 ¶ 7 at 2, filed July 10, 2020.

Plaintiff believes, and the Court agrees, that the Court will have federal question jurisdiction over this matter if Plaintiff asserts a claim pursuant to 18 U.S.C. § 1030(g) in her amended complaint. *See* Doc. 12 ¶ 5 at 2.

Plaintiff states she cannot properly allege venue because she has no information regarding the name and address of the Unknown Defendant. Doc. ¶¶ 6-7 at 2. Plaintiff seeks an unspecified extension of time to file an amended complaint to allow for discovery regarding the Unknown Defendant's name and address.

Plaintiff stated she "solved the final clues of the poem back in 2018. The search area is in a remote area in New Mexico," and for Plaintiff "to reach the final search location, [Plaintiff expended countless hours at the site and in research from March 2018 until June 2020 [and] considerable money was spent on [Plaintiff's] trips to New Mexico." Doc. 9 ¶¶ 2, 4 at 1-2, filed July 7, 2020. Plaintiff also stated she made "multiple, solitary searches" and trips to find the

physical location of the treasure and that the "Unknown Defendant found the treasure by stalking/following" Plaintiff.  Complaint ¶¶ 13-14 at 3.

Venue is proper in the District of New Mexico because a substantial part of the events giving rise to Plaintiff's claims occurred within the District of New Mexico.  *See* 28 U.S.C. § 191(b))2) ("A civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

Because Plaintiff can properly allege jurisdiction and venue, the Court grants her motion for an extension of time to file an amended complaint in part.  The Court grants Plaintiff 21 days from entry of this Order to file an amended complaint.

**Motion for Leave to File a Rule 27 and Rule 45 Petition Against Forrest Fenn**

Plaintiff seeks leave to file a Rule 27 and Rule 45 Petition against Forrest Fenn to perpetuate his testimony regarding the Unknown Defendant's name, address and his "solve, communications and search/retrieval conduct."  Doc. 12 at 5.  Plaintiff states she "is without knowledge as to who other than Forrest Fenn would possess the contact information of the Unknown Defendant" and that because Forrest Fenn "is almost 90" years old, there is a risk that he may not be available by the time of trial.  Doc. 12 at 3-4.

The Court grants Plaintiff's Motion to file a Rule 27 and Rule 45 Petition against Forrest Fenn in part.  The Court denies Plaintiff's Motion as to Rule 27 because Rule 27 authorizes depositions to perpetuate testimony "before an action is filed" and "pending appeal" where a judgment has been rendered; this action has been filed and a judgment has not been rendered.  Fed. R. Civ. P. 27(a) and (b).

4

The Court grants Plaintiff's Motion as to Rule 45 in part.  Fed. R. Civ. P. 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) …." However, discovery may be permitted in advance of a Rule 26(f) conference when "authorized … by court order."  Fed. R. Civ. P. 26(d)(1).  The Court finds there is good cause to grant, in part, Plaintiff's request for discovery before the Rule 26(f) conference because the Unknown Defendant must be identified before this case can proceed and Plaintiff has established a good faith basis that Forrest Fenn knows the Unknown Defendant's name and address.  The Court allows Plaintiff to seek limited discovery from Forrest Fenn to obtain the identity and address of the Unknown Defendant.  Plaintiff may move for additional discovery regarding the "Unknown Defendant's solve, communications and search/retrieval conduct" after Forrest Fenn responds to her subpoena regarding the Unknown Defendant's name and address.  In her Motion to Supplement Pending Motions, Plaintiff states she "wrote Fenn and his counsel." Doc.13 at 1.  Plaintiff shall send a copy of the subpoena and this Order to Forrest Fenn's counsel.

**Motion for Zoom Conference**

Plaintiff "requests a Zoom conference" as to her Motion for leave to file a Rule 27 and Rule 45 Petition against Forrest Fenn.  Doc. 12 at 7.  The Court, having ruled on Plaintiff's Motion for leave to file a Rule 27 and Rule 45 Petition against Forrest Fenn, denies her Motion for a Zoom conference as moot.

**IT IS ORDERED** that:

(i)      Plaintiff's Motion to Supplement Pending Motions, Doc. 13, filed July 23, 2020, is **GRANTED.**

(ii)     Plaintiff's Motion for Reconsideration of this Court's Ruling Relative to 18 U.S.C. § 1030, Doc. 11, filed July 10, 2020, is **DENIED as moot.**

(iii)    Plaintiff's Motion for Leave to File a Rule 27 and 45 Petition Against Forrest Fenn
and Motion for Extension of Time to File an Amended Complaint, Doc. 12, filed
July 10, 2020, is **GRANTED in part.**  Plaintiff may serve a Rule 45 subpoena on
Forrest Fenn that seeks, and is limited to, information sufficient to identify the
Unknown Defendant including the individual's name, address(es), telephone
number, and email address. Plaintiff shall provide Forrest Fenn with a copy of this
Order with the subpoena.  Plaintiff shall send a copy of the subpoena and this Order
to Forrest Fenn's counsel when she serves the subpoena.  Plaintiff shall file an
amended complaint within 21 days of entry of this Order.  Failure to timely file an
amended complaint may result in dismissal of this case.  The Court **DENIES**
Plaintiff's request for a Zoom conference as moot.


**UNITED STATES MAGISTRATE JUDGE**