IN THE UNITED STATES DISTRICT COURT
OF NEW MEXICO

| | |
|---|---|
| Barbara Andersen ) | |
|     Plaintiff ) | Case 20-cv- 00553 |
| v. ) | |
| Forrest Fenn; Unknown Defendant ) | |

## RENEWED MOTION FOR A PROTECTIVE ORDER

Barbara Andersen, as her own attorney, hereby files this renewed motion for a protective order pursuant to F.R.Civ.P. 5(e)(2) and 26 to preclude nonparty access to the pleadings, transcripts, discovery and exhibits filed in this litigation. In support of the motion, Andersen states as follows:

1.  As this Court observed, Andersen was substantially harassed by "Fennatics" on YouTube, her neighbors and on the internet.

2.  Andersen received this Court's ruling on Friday. Andersen has just had the subpoena issued and has given a copy of this Court's order to counsel for Forrest Fenn without any drama/unprofessional conduct. Andersen will be sending him a copy of the now issued subpoena shortly.

3.  As Andersen advised this Court, the Fennatics watch these proceedings and then run to the internet to disparage Andersen. This time, after this Court's ruling on Friday, the Fennatics went to the internet relative to this case and, further, started posting information relative to Andersen as to a recent arrest.

4.  As Andersen advised this Court, when Andersen returned home from her trip to Santa Fe, she was spit/coughed on by her neighbor by the name of Ursula Tripp in the common area laundry room in response to the media attention given to this case. Andersen already had a case pending against her co-tenants in her condo building since late 2019 for the filing of a false lien against her unit and, further, harassment (particularly harassment by filing frivolous police reports against her). Andersen was

1

already the victim of a false arrest stunt by her ex-husband, Rick Gimbel[1]. Her neighbors saw Andersen's case on the internet given that Andersen filed a false arrest matter in the Northern District of Illinois and later Seventh Circuit. Seeing the news, her neighbors incredibly thought it was a good idea to harass Andersen with more police calls in retaliation for the civil action. Indeed, their civil attorney Gregory Glenn clearly encouraged this misconduct in obvious violation of Rule 8.4(g) of the Illinois Code of Professional Conduct (which prohibits the prosecution of criminal matters to gain advantage in civil litigation). These same neighbors (Helen Rogers specifically) has even admitted to going dumpster diving through Andersen's trash/confidential papers. The harassment is nonstop and absurd.

5. After Andersen was spit/coughed on, Andersen went in to seek an order of protection pursuant to her call to the police. Andersen's motion was denied given that this was the first incident and, further, that she was told to bring the assault to the attention of the civil judge (Meyerson) who is already handling the other incidents of harassment.

6. Despite the fact that Andersen was the victim and that her request for an order of protection was denied, Andersen's co-tenants ran into court and also asked for an order of protection. They did not tell the Court that they spit/coughed on Andersen and/or that there was litigation pending between Andersen and themselves. The hearing was ex parte and Andersen was not present. Counsel in the civil case clearly was (yet again) behind the frivolous order of protection request.

7. After learning of the late June 2020 frivolous orders of protection, Andersen immediately moved to vacate the orders. However, because of covid, the Court entered and continued Andersen's motion even though she should have been granted an immediate hearing. The hearing was finally rescheduled after Andersen's multiple requests for August 12, 2020.

---

[1] In that case, the criminal charges were tossed out at trial with no need to put on a defense. It was clear that Gimbel was a fake victim/gaslighting.

8.  On August 10, 2020 (i.e. before the hearing), the tree in front of Andersen's building fell down. Everyone rushed outside to see same. One of Andersen's tenants used this situation to frivolously claim a violation of the order of protection. Andersen was arrested. At the hearing, the public defender argued that the charge was "suspect" and noted Andersen's motion to vacate was about to be heard. The Court acknowledged same by setting a short date of September 1, 2020 for the next hearing. The Court set an I bond (i.e. no payment) and all at the hearing acknowledged Andersen's reputation as a 20+ year lawyer was solid.

9.  Last Friday, the Court vacated all orders of protection entered against Andersen and acknowledged that Andersen had been waiting excessively long for her to challenge the ex parte order. Andersen will next move to dismiss the criminal charge and, further, expunge the arrest/photos etc.

10. Despite the above, Kristy Thor (owner of the blog Hint of Riches) has allowed the posting of Andersen's mug shot from the false arrest on her site and baseless commentary/attacks to be posted. Andersen has now made two demands to Kristy Thor to remove the mug shot pictures and commentary relative to same. Neither Kristy Thor nor her website are protected by qualified immunity for disseminating same and/or attacking Andersen relative to her false arrest. The clear intent of the posting of misleading information on her Hintofriches website is to harass, intimidate and defame Andersen on a national platform.

11. At the time of the filing of this motion, the mugshot and defamatory comments remain on the Hintof Riches site.

12. F.R.Civ.P. 5.2(e) allows this Court to limit proceedings to nonparties:

> Federal Rules of Civil Procedure Rule 5.2(e) provides, "[f]or good cause, the court may by order in a case: (1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." The party requesting a protective order the burden of proving good cause. *McLaurin v. Detroit Ent., LLC,* CIV.A. 09–CV–13174, 2010 WL 750194 (E.D.Mich.2010). In order to establish good cause, the moving party is also required to:

> make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one....This requirement furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts.

*Id.* (citing *Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 412 (M.D.N.C.1991).

In the present case, Defendants claim that the exhibits contain inflammatory material that has no bearing on Plaintiff's cases, and violates the privacy rights of the attorneys mentioned within the exhibits. Because the requests for investigation are not yet substantiated and because of the potential inflammatory nature of this material, the exhibits to Plaintiff's Motion for Reconsideration will be sealed.

*Prentice v. Residential Funding LLC*, 2013 WL 1663868, *3 (E.D.Mich. 2013).

13.   In addition, as noted previously, a motion for protective order pursuant to Rule 26 relative to potential discovery, the Courts have noted as follows:

> **"Time for Moving for a Protective Order**
> Rule 26(c) provides authority for district courts to issue protective orders, upon the motion of a party or person from whom discovery is sought, if good cause is shown.[1] Subdivision (7) provides for a protective order for trade secrets, confidential research, development, or commercial information.
>
> In order to obtain a protective order, the person must demonstrate good cause. *See generally* 8 Wright & Miller, *Federal Practice and Procedure* § 2035, at 264 (1970). The burden of showing good cause rests with the party requesting the protective order. The party must make a particular request and a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one. *Gulf Oil v. Bernard,* 452 U.S. 89, 102 n. 16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981); and *Deines v. Vermeer Mfg. Co.,* 133 F.R.D. 46, 48 (D.Kan.1990). This requirement furthers the goal that the Court only grant as narrow a protective order as is necessary under the facts. Such demonstrations are preferably made by affidavits from knowledgeable persons and may include *in camera* submissions or *in camera* proceedings attended by opposing counsel. *Reliance Ins. Co. v. Barron's,* 428 F.Supp. 200 (S.D.N.Y.1977); and *In re Halkin,* 598 F.2d 176, 194 (D.C.Cir.1979).
>
> Even though the express language of Rule 26(c) does not set out time limits within which a motion for a protective order must be made, there is an implicit requirement that the

4

motion must be timely, or seasonable, to borrow the term used prior to the amendment of the Federal Rules of Civil Procedure in 1970. *See* Rule 30(b), *Rules of Civil Procedure,* 48 F.R.D. 487, 510 (1970). Prior to the 1970 Amendments, protective order provisions were found in old Rule 30(b) which only pertained to oral depositions.[2] 8 Wright & Miller, *Federal Practice and Procedure* § 2035. The prior rule required that an application for a protective order be made "seasonably" or "promptly." *Id.* at 262, and *Rules,* 48 F.R.D. at 510, and *see* n. 2, *infra.* The 1970 Amendments took the protective order provisions out of old Rule 30(b) and placed them in Rule 26(c). Fed.R.Civ.P. 26(c) now applies to all discovery, including written discovery such as interrogatories, requests for the production of documents and requests for admissions and not just depositions. Even though the new Rule 26(c) does not contain a provision of timeliness, that requirement remains an implicit condition for obtaining a protective order. *Id.* at 262; *Nestle Foods Corp. v. Aetna Cas. and Sur. Co.,* 129 F.R.D. 483, 487 (D.N.J.1990). The failure to timely move for a protective order constitutes grounds for denying the same. *Nestle, supra.*

A motion for a protective order is timely if made prior to the date set for producing the discovery. *In re Coordinated Pretrial Proceedings, etc.,* 669 F.2d 620, 622 n. 2 (10th Cir.1982) (motion made four days prior to date set for production); *In re Air Crash Disaster at Detroit Metro. Airport,* 130 F.R.D. 627, 630 (E.D.Mich.1989). In determining timeliness, a court should consider all of the circumstances facing the parties. 8 Wright & Miller, *Federal Practice and Procedure* § 2035, at 262–63. Thus, a failure to request a protective order prior to the time set for producing the discovery may be excused for good cause, such as lack of sufficient time or opportunity to obtain the order. *Id.*

Defendant argues, that for written discovery, it is sufficient that it note its objections within the time permitted, and that it should not have to move for a protective order until after the plaintiffs move to compel the discovery. Nothing in Rule 26(c) suggests that there should be such a dichotomy between oral depositions and written discovery. The procedure turns the normal state of obligations on its head. The party seeking the protective order, who has the burden of requesting and supporting it, should also be responsible for initiating the process. Permitting that party to merely note its objections and then sit back and wait for a motion to compel can only serve to prolong and exacerbate discovery disputes.

The obligation to timely move for a protective order applies equally to written discovery as to protective orders for oral depositions. *United States v. International Business Machines,* 70 F.R.D. 700 (S.D.N.Y.1976); *U.S. v. Intern. Business Machines Corp.,* 79 F.R.D. 412 (S.D.N.Y.1978) (protective order untimely when first made in argument on request to reconsider order compelling production). Thus in *Wang v. HSU,* 919 F.2d 130 (10th Cir.1990), the court affirmed the denial of an untimely motion for a protective order which was not filed, nor any objection made, within the period required (ten days after

service or prior to the deposition) for a subpoena *duces tecum* by Fed.R.Civ.P. 45(d)(1). And, in *Byrnes v. Jetnet Corp.,* 111 F.R.D. 68, 73 n. 5 (M.D.N.C.1986), a party resisted a subpoena *duces tecum* and filed an objection within ten days or prior to the deposition as required by Fed.R.Civ.P. 45(d)(1). However, it failed to formally move for a protective order for either the deposition or the document request, even after a motion to compel had been filed. The Court, in dicta, held, citing Rule 26(c) and noting the untimeliness, that any objection to producing the discovery based on grounds that it involves a trade secret or confidential trade information, would be denied.

It is not unfair to apply the implicit requirement of timeliness in Fed.R.Civ.P. 26(c), that a motion for a protective order be made prior to the date set for the discovery, to both oral depositions and to written discovery. *United States v. International Business Machines, supra; U.S. v. Intern. Business Machines Corp., supra.* This is true even though written discovery, unlike oral depositions, provides for a written response, where an objection can be made if the information is privileged, confidential or secret. Therefore, defendant's motion for a protective order is untimely unless it can establish good cause to excuse the untimeliness.

*Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991).

14. Andersen has taken multiple screenshots of the continued harassment on HintofRiches.

Wherefore, Andersen renews her requests that this Court enter an order in this litigation so as to limit the public's access to the Court record in this case given that everything that is filed herein becomes fodder for these harassing Fennatics.

                                                                           /s/ Barbara Andersen

Barbara Andersen, 6256000
1220 West Sherwin, Unit 1E
Chicago, IL 60626
(708) 805-1123
bandersen@andersen-law.com