IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BARBARA ANDERSEN,

      Plaintiff,

v.                                                                               Civ. No. 20-553 JFR

FORREST FENN and
FNU LNU,

      Defendants.

**ORDER DENYING PLAINTIFF'S FIRST MOTION FOR PROTECTIVE ORDER (Doc. 9) AND RENEWED MOTION FOR A PROTECTIVE ORDER (Doc. 15)**

**THIS MATTER** comes before the Court on the Plaintiff's Motion For Protective Order and Motion For Zoom Hearing To Address Potential *In Camera* Inspection Relative To Same (Doc. 9), Plaintiff's Supplement to Motion for Protective Order (Doc. 10), and Plaintiff's Renewed Motion for a Protective Order (Doc. 15). Having review Plaintiff's motions and the relevant law, the Court finds the motions are not well taken and are **DENIED.**

It is well-settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 98 S. Ct. 1306, 1312 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." *Crystal Grower's Corp.*, 616 F.2d at 461. The public's right of access, however, is not absolute. *Nixon*, 98 S. Ct. at 1312. As federal district courts have supervisory control over their own records and files, the decision of whether to allow access to those records is left to the Court's sound discretion. *Crystal Grower's Corp.*, 616 F.2d at 461. In exercising that discretion, the Court must consider

the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or some portion of the record. *Id*. Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

A party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009).

In keeping with the paramount right of public access, this Court requires a party moving for permission to file a particular document under seal to demonstrate a privacy interest sufficient to justify the sealing of the document. The party seeking to file a document under seal must establish that its interest in keeping the documents private outweighs the public's right of access to judicial records. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997*); see also S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001) (recognizing countervailing interests of impairing law enforcement or judicial economy and the privacy interests of those resisting disclosure).

In the instant case, Plaintiff seeks a protective order "to preclude nonparty access to the pleadings, transcripts, discovery and exhibits filed in this litigation." Doc. 9, at 1. Plaintiff states that she "has been harassed by a variety of people" since she filed the instant lawsuit, namely a number of followers of the Defendant Forrest Fenn whom Plaintiff describes as "laymen bloggers and Youtubers […] called 'Fennatics'." *Id.* at 2. Plaintiff claims these

individuals "watch these proceedings and then run to the internet to disparage [Plaintiff.]" Doc. 15 , at 1. While Plaintiff apparently warned Defendant Fenn "that she would name him in this suit so as to resolve the legal issues in a public forum…", Doc. 1, ¶ 24, she now seeks reprieve from the public scrutiny that has arisen from the filing of this public lawsuit.

Plaintiff claims that she solved the final clues to Fenn's cryptic poem in 2018 and then located the specific geographic location of hidden treasure, but that the Unknown Defendant "hacked" Plaintiff's computer to obtain Plaintiff's "solve of the Forrest Fenn poem/puzzle and the physical location of the treasure chest," allowing the Unknown Defendant to reach the treasure before Plaintiff. See Doc. 1, ¶¶ 16, 20. According to Plaintiff, Defendant Fenn announced that the treasure had been found by an unnamed third party, not in New Mexico but in Wyoming. Doc. 14, at 2.

In support of her motion for protective order, Plaintiff names a number of bloggers/Youtubers who have disseminated their "attacks" to "thousands of people." Doc. 9, at 2. Plaintiff describes an incident involving a neighbor in her apartment building in Chicago where the neighbor "spit/coughed" on Plaintiff and made derogatory comments to Plaintiff. *Id.* Other incidents of harassment are described by Plaintiff, some apparently having occurred before the filing of the instant lawsuit, including one in which Plaintiff "was punched/dragged down a trailer ramp by a drugged out man named 'Shadow' and harassed by a local man named 'Lewie.'" *Id.* at 3. Plaintiff claims that she has a "right to privacy as to the multi-year effort relative to her solve, her propriety photographs, etc." Doc. 9 at 7. Plaintiff suggests that the Court hold an *in camera* inspection to review documents and materials Plaintiff claims are proprietary. *Id.*

Plaintiff cites to Federal Rules of Civil Procedure 5.2(e) and 26(c) to support her request for a protective order. Doc. 15, at 3-6. Plaintiff's reliance on these rules is misplaced. Rule

3

5.2(e) authorizes redaction of court filings that contain individuals' personal identifying information (*e.g.* SSN, DOB), or limiting access to electronic files to just the parties and their attorneys in social security and immigration cases.  Rule 5.2 does not otherwise authorize courts to redact, seal or restrict the public's access to electronic files or documents that a party finds embarrassing.  Similarly, Rule 26(c) is a rule of discovery that authorizes the Court to issue a protective order to shield a party from annoyance, embarrassment, oppression, or undue burden or expense ("A party or any person from whom discovery is sought…").  Here, Plaintiff is not yet engaged in discovery, and even if she were, she has not shown good cause to limit the public's access to the case file.  Rule 26(c) was not designed to provide a blanket prohibition on outside parties from access to public records, and conclusory statements regarding the need for a protective order don't suffice.

Plaintiff's claim that she is being "harassed" based upon her filing the instant lawsuit does not overcome the presumption of public access to judicial documents.  If, during discovery, Plaintiff can establish that information responsive to a discovery request merits protection from public view, she can move the Court for a Rule 26(c) protective order.  That not being the case here, the Court will **DENY** Plaintiff's motions.

**IT IS SO ORDERED.**

_____
JOHN F. ROBBENHAAR
UNITED STATES MAGISTRATE JUDGE