AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| Barbara Andersen | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:20-cv-00553-JFR |
| Unknown Defendant | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Forrest Fenn, 1021 Old Santa Fe Trail, Santa Fe, NM, 87505

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached rider

| Place: Barbara Andersen, bandersen@andersen-law.com; 1220 W Sherwin, Unit 1E, Chicago, IL 60626 | Date and Time: 08/31/2020 11:37 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: AUG 1 7 2020

CLERK OF COURT

*Lisa Deines Deputy Clerk*
Signature of Clerk or Deputy Clerk

OR

_____
Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:
Barbara Andersen, 1220 West Sherwin, Unit 1E, Chicago, IL 60626

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).



Exhibit 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:20-cv-00553-JFR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Forrest Fenn at address above
on *(date)* August 17, 2020 and counsel on service list per Court order

☒ I served the subpoena by delivering a copy to the named person as follows:
Forrest Fenn and counsel for Forrest Fenn
on *(date)* Aug. 17, 2020

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 40 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: Aug 17, 2020           _____
                             *Server's signature*

                             Barbara Andersen
                             *Printed name and title*

                             1220 West Sherwin, Unit 1E, Chicago, IL 60626
                             *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Rider to subpoena.

Pursuant to F.R.Civ.P 26 and 45 and the Court's order of August 14, 2020 that was served upon you via e-mail and is attached herein as well, please produce the name, address, phone number and e-mail address of the Unknown Defendant(s) who found the treasure chest or its proxy hidden by Forrest Fenn.

"Found" for purposes of this subpoena means located (i.e. actual or proxy) and/or retrieved (actual) and/or now (actually) possesses the treasure chest.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA ANDERSEN,

    Plaintiff,

v.                                                                                                    No. 1:20-cv-00553-JFR

FORREST FENN and
FNU LNU,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Supplement Pending Motions, Doc. 13, filed July 23, 2020, Plaintiff's Motion for Reconsideration of this Court's Ruling Relative to 18 U.S.C. § 1030, Doc. 11, filed July 10, 2020 ("Motion to Reconsider"), Plaintiff's Motion for Leave to File a Rule 27 and 45 Petition Against Forrest Fenn and Motion for Extension of Time to File an Amended Complaint, Doc. 12, filed July 10, 2020

**Background**

Plaintiff filed this action alleging that she had solved the clues to the location of the treasure Forrest Fenn had hidden. *See* Verified Complaint for Injunction and Other Relief, Doc. 1, filed June 8, 2020 ("Complaint"). Plaintiff also alleges that the Unknown Defendant "hacked" Plaintiff's computer to obtain Plaintiff's "solve of the Forrest Fenn poem/puzzle and the physical location of the treasure chest," allowing the Unknown Defendant to reach the treasure before Plaintiff.

The Court notified Plaintiff that her Complaint failed to state a claim and granted Plaintiff leave to file an amended complaint. *See* Doc. 5, filed June 19, 2020. Plaintiff has since filed several motions.

**Motion to Supplement Pending Motions**

Plaintiff asserts that Forrest Fenn has announced that the treasure was found in Wyoming and that Fenn and his counsel have not responded to Plaintiff's email asking "Fenn and his counsel to answer/clarify various matters." Motion to Supplement Pending Motions at 1 (with Fenn's "announcement" and Plaintiff's email attached). Plaintiff asks the Court to consider her Motion to Supplement Pending Motions as a "supplement to the motions pending before this Court." The Court grants Plaintiff's Motion to Supplement Pending Motions.

**Motion to Reconsider**

The Complaint asserted that the Court has federal question jurisdiction over this matter because the Unknown Defendant violated "the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 that prohibits the unauthorized accessing of protected computers with the intent to either obtain information ..." Complaint ¶ 18 at 4. Plaintiff requested "a referral for the criminal investigation of the Unknown Defendant for hacking Andersen's computer work and proprietary information." Complaint ¶ 127(e) at 6. The Court noted that Plaintiff had not properly alleged federal question jurisdiction because 18 U.S.C. § 1030 imposes criminal penalties for violations of the statute and because a private citizen lacks a judicially cognizable interest in the prosecution of another. *See* Mem. Op. and Order at 4, Doc. 5, filed June 19, 2020.

Plaintiff asks the Court to reconsider its ruling relative to 18 U.S.C. § 1030 because 18 U.S.C. § 1030(g) allows a "hacking victim to maintain a civil cause of action." The Complaint did not specifically cite Section 1030(g) and did not state she was seeking compensatory or injunctive relief pursuant to Section 1030(g). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant.").

2

The Court denies the Motion to Reconsider as moot because the Court has granted Plaintiff leave to file an amended complaint and Plaintiff stated she "still intends to pursue" her claims against the Unknown Defendant. *See* Doc. 5 (granting Plaintiff leave to file an amended complaint); Doc. 12 ¶ 2 at 1 (stating Plaintiff "still intends to pursue that claim"). Plaintiff may assert a claim against the Unknown Defendant pursuant to 18 U.S.C. § 1030(g) for compensatory damages, injunctive relief, or other equitable relief.

**Motion for Extension of Time to File Amended Complaint**

Plaintiff requests an extension of time to file an amended complaint against the Unknown Defendant stating she needs discovery relative to pleading jurisdiction and venue. Doc. 12 ¶ 7 at 2, filed July 10, 2020.

Plaintiff believes, and the Court agrees, that the Court will have federal question jurisdiction over this matter if Plaintiff asserts a claim pursuant to 18 U.S.C. § 1030(g) in her amended complaint. *See* Doc. 12 ¶ 5 at 2.

Plaintiff states she cannot properly allege venue because she has no information regarding the name and address of the Unknown Defendant. Doc. ¶¶ 6-7 at 2. Plaintiff seeks an unspecified extension of time to file an amended complaint to allow for discovery regarding the Unknown Defendant's name and address.

Plaintiff stated she "solved the final clues of the poem back in 2018. The search area is in a remote area in New Mexico," and for Plaintiff "to reach the final search location, [Plaintiff expended countless hours at the site and in research from March 2018 until June 2020 [and] considerable money was spent on [Plaintiff's] trips to New Mexico." Doc. 9 ¶¶ 2, 4 at 1-2, filed July 7, 2020. Plaintiff also stated she made "multiple, solitary searches" and trips to find the

3

physical location of the treasure and that the "Unknown Defendant found the treasure by stalking/following" Plaintiff. Complaint ¶¶ 13-14 at 3.

Venue is proper in the District of New Mexico because a substantial part of the events giving rise to Plaintiff's claims occurred within the District of New Mexico. *See* 28 U.S.C. § 191(b))2) ("A civil action may be brought in ... a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated").

Because Plaintiff can properly allege jurisdiction and venue, the Court grants her motion for an extension of time to file an amended complaint in part. The Court grants Plaintiff 21 days from entry of this Order to file an amended complaint.

**Motion for Leave to File a Rule 27 and Rule 45 Petition Against Forrest Fenn**

Plaintiff seeks leave to file a Rule 27 and Rule 45 Petition against Forrest Fenn to perpetuate his testimony regarding the Unknown Defendant's name, address and his "solve, communications and search/retrieval conduct." Doc. 12 at 5. Plaintiff states she "is without knowledge as to who other than Forrest Fenn would possess the contact information of the Unknown Defendant" and that because Forrest Fenn "is almost 90" years old, there is a risk that he may not be available by the time of trial. Doc. 12 at 3-4.

The Court grants Plaintiff's Motion to file a Rule 27 and Rule 45 Petition against Forrest Fenn in part. The Court denies Plaintiff's Motion as to Rule 27 because Rule 27 authorizes depositions to perpetuate testimony "before an action is filed" and "pending appeal" where a judgment has been rendered; this action has been filed and a judgment has not been rendered. Fed. R. Civ. P. 27(a) and (b).

4

The Court grants Plaintiff's Motion as to Rule 45 in part. Fed. R. Civ. P. 26(d)(1) provides that a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) ...." However, discovery may be permitted in advance of a Rule 26(f) conference when "authorized ... by court order." Fed. R. Civ. P. 26(d)(1). The Court finds there is good cause to grant, in part, Plaintiff's request for discovery before the Rule 26(f) conference because the Unknown Defendant must be identified before this case can proceed and Plaintiff has established a good faith basis that Forrest Fenn knows the Unknown Defendant's name and address. The Court allows Plaintiff to seek limited discovery from Forrest Fenn to obtain the identity and address of the Unknown Defendant. Plaintiff may move for additional discovery regarding the "Unknown Defendant's solve, communications and search/retrieval conduct" after Forrest Fenn responds to her subpoena regarding the Unknown Defendant's name and address. In her Motion to Supplement Pending Motions, Plaintiff states she "wrote Fenn and his counsel." Doc.13 at 1. Plaintiff shall send a copy of the subpoena and this Order to Forrest Fenn's counsel.

**Motion for Zoom Conference**

Plaintiff "requests a Zoom conference" as to her Motion for leave to file a Rule 27 and Rule 45 Petition against Forrest Fenn. Doc. 12 at 7. The Court, having ruled on Plaintiff's Motion for leave to file a Rule 27 and Rule 45 Petition against Forrest Fenn, denies her Motion for a Zoom conference as moot.

**IT IS ORDERED** that:

(i)   Plaintiff's Motion to Supplement Pending Motions, Doc. 13, filed July 23, 2020, is **GRANTED.**

(ii)  Plaintiff's Motion for Reconsideration of this Court's Ruling Relative to 18 U.S.C. § 1030, Doc. 11, filed July 10, 2020, is **DENIED as moot.**

(iii) Plaintiff's Motion for Leave to File a Rule 27 and 45 Petition Against Forrest Fenn and Motion for Extension of Time to File an Amended Complaint, Doc. 12, filed July 10, 2020, is **GRANTED in part.** Plaintiff may serve a Rule 45 subpoena on Forrest Fenn that seeks, and is limited to, information sufficient to identify the Unknown Defendant including the individual's name, address(es), telephone number, and email address. Plaintiff shall provide Forrest Fenn with a copy of this Order with the subpoena. Plaintiff shall send a copy of the subpoena and this Order to Forrest Fenn's counsel when she serves the subpoena. Plaintiff shall file an amended complaint within 21 days of entry of this Order. Failure to timely file an amended complaint may result in dismissal of this case. The Court **DENIES** Plaintiff's request for a Zoom conference as moot.

_____
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2020, I electronically filed the foregoing Subpoena with the Clerk of the Court for the United States District Court of New Mexico and served same on the above-listed deponent and, further, pursuant to the Court's order of August 14, 2020, I served the following attorney:

Karl H. Sommer, Sommer Karnes P.C., 125 Lincoln Ave. Suite 221, Santa Fe, NM 87501 via U.S. Mail and by e-mail to karls@sommerkarnes.com

/s/ Barbara Andersen