IN THE UNITED STATES DISTRICT COURT
OF NEW MEXICO

| | | |
|---|---|---|
| Barbara Andersen | ) | |
|     Plaintiff | ) | Case 20-cv- 00553-JFR |
| v. | ) | |
| Forrest Fenn; Unknown Defendant | ) | |

**RESPONSE TO ORDER TO SHOW CAUSE, MOTION TO STRIKE FORREST FENN'S MOTION TO QUASH, MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT AGAINST THE UNKNOWN DEFENDANT AND/OR THE ESTATE OF FORREST FENN**

Barbara Andersen, as her own attorney, hereby responds to the motion to show cause order and, further, files this motion for an extension of time to file the amended complaint. In support of the motion, Andersen states as follows:

1. Andersen served a subpoena pursuant to this last Court's order. Andersen did not receive a response to same. Instead, Andersen received an unverified motion to quash. Andersen has filed a response and cross-motion relative to same. See docket entries 17 and 18.

2. Counsel for Mr. Fenn has only been obstructionist and evasive towards answering very basic questions about the matter. His newest (unverified) claim is that the "finder" is not the same as Andersen's "Joe" stalker[1]. See Motion to Quash. As discussed in Andersen's response to the motion to quash, Andersen finds the unverified comments as suspect and, further,

---

[1] Andersen sent a text to "Joe" yesterday after the announcement of Mr. Fenn's passing to see if she would get a response. "Joe" responded and continued on with his sassy commentary. There were/are three options as to who "Joe" was.: Mr. Fenn pranking Andersen; an employee of Mr. Fenn pranking Andersen; and the finder/hacker. So, assuming that the announcement of Mr. Fenn's passing is true, there is no question that "Joe" is the unknown defendant/finder or an employee of Mr. Fenn. Clearly, Mr. Sommer owes Andersen and this Court (and the public) direct answers to direct questions as to the conclusion of this multi-million dollar treasure hunt. For example, who is "Joe" and does he have the chest? And if he does not have the chest, where is it? (Andersen would prefer to address the contents of the text messages with this Court *in camera*.)

evasive.  In other words, Mr. Sommer is clearly playing games with Andersen.  See Andersen's response to the Motion to Quash (dkt 18).

3. There is no question that Andersen's solve was/is correct.  See Andersen's response to the Motion to Quash and Cross-Motion.  Andersen has offered to go over same with this Court in an *in camera* proceeding. That offer still stands.

4. A few days ago, it was announced in the media that Mr. Fenn has passed away. Andersen requested a copy of the death certificate and the will from Mr. Sommer (who surprisingly e-mailed Andersen yesterday despite the immediacy of the news of his former client and presumably without even beginning to address his decedent's estate).  In response to his e-mails, Andersen also asked as to the whereabouts of the chest (as she does in her response to the motion to quash).  Andersen also asked Mr. Sommer who authorized his e-mail to her given the purported passing of his client.  Again, Andersen got nothing but obstruction from Mr. Sommer[2].

5. In her motion for discovery, Andersen advised this Court that she was concerned that information relative to the finding/solve of the chest would be lost if prompt discovery orders were not issued.  Andersen's concern may very well be a reality if the obstruction by Mr. Fenn's former counsel is not stopped by this Court.  Andersen asks this Court to reconsider its orders relative to the scope of discovery now that Mr. Fenn has purportedly passed.  Every day that passes means the potential loss of information from Mr. Fenn's estate, evidence of the hiding/finding and the solve.

---

[2] Andersen asked for this information given that there is a belief that (a) Mr. Fenn ended the Chase and was in possession of the chest and (b) the chest may be part of his estate plan to the solver, which Andersen believes to be rightfully hers.  Obviously, if this is the case, Andersen would be in a position to request voluntary dismissal of this case without prejudice (with no res judiciate defense to bar future, potential litigation against the Estate) if she were to receive confirmation that she is part of Mr. Fenn's estate plan.   But, again, Mr. Sommer provides nothing but obstruction and unverified nonsense to Andersen at every turn.

2

6. Likewise, Andersen asks this Court to promptly rule on the pending motion to quash[3] and Andersen's cross-motion to compel. Andersen asks that this Court rule on same before directing Andersen to file an amended complaint herein. Andersen asks that this Court order Mr. Sommer to appear on the record in a Zoom conference to address his obstructionist conduct towards the subpoena, the allegations that the conclusion to the "Chase" suggest a hoax[4], who his client's now are in light of Mr. Fenn's purported passing, details relative to the decedent estate of Forrest Fenn (including whether the estate possesses the chest and, if not who does), the identity of the "finder", information relative to the solve, discovery relative to the purported hiding/retrieval of the Chest, and his continued obstructionist conduct towards Andersen's repeated requests[5] for information.

7. In light of the purported passing of Mr. Fenn, Andersen asks this Court to (a) amend Andersen's subpoena to Mr. Fenn on its face to reflect that it is now directed to the unknown heirs of Mr. Fenn; (b) order Mr. Sommer to amend his pending motion to quash to reflect who (if anyone) he now has the legal authority to represent and pursuant to what (i.e. will, probate estate); and (c) strike the Motion to Quash in whole or at least in part (i.e. to have Mr. Fenn sit for an *in camera* examination without Andersen present) as being impossible/moot.

8. In light of the purported passing of Mr. Fenn and the continued obstructionist conduct of Mr. Sommer, Andersen asks this Court to (a) reconsider its discovery order; (b) to

---

[3] Obviously Mr. Fenn's/Sommer's request for an *in camera* testimony must be stricken in light of Mr. Fenn's purported passing.

[4] Andersen may very well have fraud claims against the estate of Mr. Fenn in light of the suspect ending of the Chase. Andersen has refrained to date from suggesting same. However, the continued obstruction of Mr. Sommer and the suspect conclusion of the Chase are rapidly leading to that conclusion.

[5] Interestingly, Mr. Sommer is selective in what he addresses. For example, Mr. Sommer writes Mr. Erskine in the Arizona matter and requests responses from him and threatens him therein. Yet here, Mr. Sommer does the opposite and effectively ignores Andersen's correspondence. Obviously, Andersen needs the assistance of this Court in discovery to order Mr. Sommer to respond. It has now been 3 months of obstruction by Mr. Sommer.

conduct a status with Mr. Sommer directing him to answer questions relative to the solve, who has knowledge of the solve in light of Mr. Fenn's purported passing, the current location of the chest(s), the identity of the finder, etc

9. Andersen also requests additional time to file her Amended Complaint in light of Mr. Fenn's passing, the obstruction by Mr. Sommer to information (including basic information relative to the finder), and the ever increasing likelihood that Andersen may have claims against the estate of Mr. Fenn if discovery and direct answers are not immediately tendered. Andersen asks for a reasonable time to file the Amended Complaint (a) in light of the above, new legal obstacle surrounding the purported passing of Mr. Fenn and unanswered questions about his purported decedent's estate; (b) after this Court rules on the pending Motion to Quash and Cross Motion to Compel (dkts 17 and 18); (c) after given discovery, including relative to the "finder"; and (d) after reconsidering its ruling relative to the scope of discovery as to the solve, etc. in light of the purported passing of Mr. Fenn. Andersen asks for orders by this Court so as to ensure answers to the above legal/factual matters.

10. Given that Mr. Sommer has no standing to make argument before this Court (as addressed in Andersen's pending cross motion and in light of the purported passing of his client), Andersen asks this Court to rule on the above requests without briefing except for Mr. Sommer to clarify what his continued role in this litigation is and pursuant to what legal authority he has standing to further address this Court (including but not limited to the outstanding subpoena).

Wherefore, Andersen requests
a. That this Court issue an order giving direction in light of the purported passing of Mr. Fenn relative to the pending motions (17 and 18);
b. Strike the Motion to Quash (17) in its Entirety or in part in light of the purported passing of Mr. Fenn;
c. Allow Andersen to amend the subpoena on its face to reflect that it is directed against the unknown heirs of Mr. Fenn;

4

    d.      Direct Mr. Sommer to clarify whether his limited role herein as to the subpoena will continue and, if so, direct him to clarify whom he represents and pursuant to what legal authority (i.e. will, probate case);

    e.      Order a Zoom status conference to address the above and the continued obstruction by Mr. Sommer relative to Andersen's inquiries as to the finder, the solve, discovery relative to the find/solve, the preservation of discovery[6], the conclusion of the Chase, etc.;

    f.      That this Court rule on the pending motions (17 and 18) and order that the unknown heirs promptly provide the contact information of the "Finder" before ordering Andersen to file an Amended Complaint herein; and

    g.      Reconsider its ruling relative to the scope of discovery herein given (a) the purported passing of Mr. Fenn and (b) the suspect and potentially fraudulent ending to the Chase and order immediate discovery relative to the solve, the finding/hiding of the chest before ordering Andersen to file an Amended Complaint herein.

Respectfully submitted:

   /s/ Barbara Andersen

Barbara Andersen, 6256000
1220 West Sherwin, Unit 1E
Chicago, IL 60626
(708) 805-1123
bandersen@andersen-law.com

---

[6] Andersen believes that Mr. Fenn may have recordings and/or private investigator information that are important to Andersen outside of the Chase. Andersen would also request that this matter be addressed *in camera*. Andersen is concerned that same may be lost/destroyed in light of the announcement of Mr. Fenn's purported death.

## CERTIFICATE OF SERVICE

Barbara Andersen hereby certifies that on September 10, 2020 the **RESPONSE TO ORDER TO SHOW CAUSE, MOTION TO STRIKE FORREST FENN'S MOTION TO QUASH, MOTION FOR EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT AGAINST THE UNKNOWN DEFENDANT AND/OR THE ESTATE OF FORREST FENN**

was filed and delivered via the ECF filing system and e-mail to:

Service list:

karls@sommerkarnes.com

/s/Barbara Andersen_____
Barbara Andersen
Andersen Law LLC
1220 West Sherwin, Unit 1E
Chicago, IL 60626
708-805-1123