# UNITED STATE DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BARBARA ANDERSEN, ) | Case No. 1:20-CV-00553-JFR |
| Plaintiff, ) | |
| vs. ) | |
| UNKNOWN DEFENDANT, AND ) FORREST FENN, ) | |
| Defendants. | |

## NOTICE OF SUPPLEMENT AUTHORITIES PURSUANT TO D.N.M.LR-Civ. 7.8.

Under D.N.M.LR-Civ. 7.8, SOMMER KARNES & ASSOCIATES LLP (Karl H. Sommer) submits supplemental authorities in support of the Motion for Protective Order (Doc. 17) ("Motion").

1. The Motion argues Plaintiff had not filed a claim over which this Court has jurisdiction, and consequently, Plaintiff should be prohibited from seeking protected information potentially possessed by Fenn. (See Motion at pp. 2-3)

2. Plaintiff filed her Verified Amended Complaint (Doc. 23) asserting a claim under the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030 et seq. (*See* Verified Amended Complaint ¶¶ 59 through 62).

3. "A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses 4 (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)."

4. Subclauses (c)(4)(A)(i)(I),(II,)(III),(IV), and (V) state:

   a. loss to 1 or more persons during any 1-year period. . . aggregating at least $5,000 in value aggregating at least $5,000 in value;
   b. the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
   c. physical injury to any person;

      d. a threat to public health or safety; and
      e. damage affecting a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security . . . .

5. Only Subsection I above potentially applies to Plaintiff's claim. The CFAA defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages ***incurred because of interruption of service***."

6. To state a claim for civil liability under the CFAA, Plaintiff had to allege "interruption of service" in her complaint. *Cenveo Corp. v. CelumSolutions Software GMBH & Co KG*, 504 F.Supp.2d 574 (2007). She has failed to do so.

7. This filing complies with the 350-word limit of Rule 7.8.

                              Respectfully submitted,

                              SOMMER KARNES & ASSOCIATES, LLP
                              Attorneys for Defendant Fenn

                              By: */s/Karl H. Sommer*
                                   Karl H. Sommer
                                   Post Office Box 2476
                                   Santa Fe, New Mexico 87504
                                   (505) 989-3800
                                   khs@sommerkarnes.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing Motion was submitted and served via email this ____ day of August, 2020 to Plaintiff:

Barbara Andersen
Plaintiff, *Pro Se*
1220 W Sherwin, unit 1E
Chicago IL 60626
bandersen@andersen-law.com

                              /s/ Karl H. Sommer
                              Karl H. Sommer