IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BARBARA ANDERSEN,

       Plaintiff,

v.                                                                                                    No. 1:20-cv-00553-JFR

FORREST FENN and
FNU LNU,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION REGARDING SUPPLEMENTAL AUTHORITY AND
## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on Plaintiff's Verified Amended Complaint, Doc. 23, filed September 17, 2020 ("Amended Complaint"), and Defendant Fenn's Motion/Notice of Supplement Authorities Pursuant to D.N.M.LR-Civ. 7.8, Doc. 25, filed September 17, 2020 ("Fenn's Motion").

Plaintiff's Amended Complaint asserts a claim against the Unknown Defendant pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g) ("CFAA"). Fenn's Motion asserts that to state a claim for liability under the CFAA, "Plaintiff had to allege 'interruption of service' in her complaint … [but] failed to do so." Fenn's Motion at 2.

The Court denies Fenn's Motion because Plaintiff does not necessarily have to allege interruption of service to state a claim under Section 1030(g). The CFAA states:

> The term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

18 U.S.C. § 1030(e)(11). The CFAA's definition of "loss" includes two separate types of loss:

> We agree with the Fourth and Sixth Circuits. The plain language of the statutory definition includes two separate types of loss: (1) reasonable costs incurred in connection with such activities as responding to a violation, assessing the damage done, and restoring the affected data, program system, or information to its condition prior to the violation; and (2) any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service. *See* 18 U.S.C. § 1030(e)(11). The statute is written in the disjunctive, making the first type of loss independent of an interruption of service.

*Brown Jordan International, Inc. v. Carmicle*, 846 F.3d 1167, 1174 (11th Cir. 2017).

Section 1030(g) of the CFAA provides that a "civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I),(I), (III), or (V) off subsection (c)(4)(A)(i)."  18 U.S.C. 1030(g).  Defendant Fenn asserts that "[o]nly Subsection I above potentially applies to Plaintiff's claim."  Fenn's Motion at at 2.  Subsection I requires a "loss" of "at least $5,000 in value."  18 U.S.C. 1030(c)(4)(A)(i)(I).

It appears that Plaintiff has not stated a claim pursuant to the CFAA because she has not alleged she suffered a loss of at least $5,000.  Plaintiff acknowledges that Section 1030(g) of the CFAA "allows for private person who have been damaged in excess of $5,000 or more to seek monetary and/or injunctive relief," but does not allege that Plaintiff's reasonable costs incurred in connection with such activities as responding to a violation, assessing the damage done, and restoring the affected data, program system, or information to its condition prior to the violation or that any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service, exceeded $5,000.  *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009) (stating that "to bring an action successfully under 18 U.S.C. § 1030(g) based on a violation of [other similar subsections of 18 U.S.C. § 1030]" a plaintiff must show, among other things, there was "a loss to one or more persons during any one-year period aggregating at least $5,000 in value").

**IT IS ORDERED** that:

(i)  Defendant Fenn's Motion/Notice of Supplement Authorities Pursuant to D.N.M.LR-Civ. 7.8, Doc. 25, filed September 17, 2020, is **DENIED.**

(ii) Plaintiff shall, within 14 days of entry of this Order, show cause why the Court should not dismiss Plaintiff's claim pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), for failure to state a claim. Failure to timely show cause may result in dismissal of this claim.

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**