IN THE UNITED STATES DISTRICT COURT
OF NEW MEXICO

| | | |
|---|---|---|
| Barbara Andersen | ) | |
|     Plaintiff | ) | Case 20-cv- 00553-JFR |
| v. | ) | |
| Forrest Fenn; Unknown Defendant | ) | |

**<u>MOTIONS FOR RECONSIDERATION OR ALTERNATIVE MOTION TO RENEW ANDERSEN'S PREVIOUSLY FILED MOTIONS TO STRIKE [DKTS 18 AND 26] RELATIVE TO THE PLEADINGS FILED BY FORMER COUNSEL FOR FENN [DKTS 17, 25 AND 27]</u>**

Barbara Andersen, as her own attorney, hereby files this pleading responsive to this Court's order of September 25, 2020 [DKT 28] requiring that Andersen tender a substantive response to Dkt 25, Supplemental response filed by former counsel for Forrest Fenn ("Fenn") relative to claims brought under 18 U.S.C. § 1030(g).

This pleading only addresses Andersen's previously filed Motions to Strike; Andersen is requesting reconsideration of her motions (to the extent that this Court's order at DKT 28 is to be construed as denying same) or, alternatively, to renew her objections (to the extent that DKT 28 is not to be construed as reaching the merits on the issue).

Andersen will also be tendering a substantive, alternative response to the arguments made by former counsel for Fenn attacking Andersen's Amended Complaint pursuant to this Court's order [DKT 28][1]. That additional pleading will also be filed by this Court's deadline of October

---

[1] Andersen will also address recent press releases by the purported "Finder" in her next pleading and how the recent press releases are (a) works of fiction; (b) suggest that the end of the Chase is a hoax thus far and (c) taunt and relate to Andersen. Andersen will then be renewing her request to question former counsel for Fenn as to (a) who is the "Finder" (e.g. whether someone retained by Fenn if even a real person); (b) whether the Fenn estate is simply teasing/pranking Andersen and for what purpose; and (c) the current location is the chest (i.e. in the possession of Fenn's estate or with the purported "Finder"; and (d) if with the Fenn estate, why? Andersen will also be renewing her offer to go through the Fenn books, the recent press releases and the "scrapbooks" in an *in camera* hearing before this Court in her next pleading. Andersen also offers to address this matter in person with this Court; Andersen may be able to do so personally next month in New Mexico (or alternatively via Zoom).

1

13, 2020.  Andersen requests that this Court reserve ruling until in receipt of Andersen's next pleading.

In support of Andersen's Motion for Reconsideration/Renewed Motions to Strike the pleadings of former counsel for Fenn, Andersen states as follows:

**A.    Renewed Statement Applicable to F.R.Civ.P. 45 Motions and All Relevant Pleadings Contained in this Motion**

1.    Given that Andersen is being required to further brief the supplement filed by Fenn's former attorney.  Andersen repeats that the applicable standard is as follows:

> The party seeking work product protection has the burden of showing that it applies. *See Ennis v. Anderson Trucking Serv., Inc.,* 141 F.R.D. 258, 259 (E.D.N.C. 1991); *see also Malibu Media, LLC v. John Does 1-15*, No. CIV.A. 12-2077, 2012 U.S. Dist. LEXIS 105768, 2012 WL 3089383, at *5 (E.D. Pa. July 30, 2012) ("The party seeking to quash the subpoena bears the of demonstrating that the requirements of Rule 45 are satisfied."); *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 424 (E.D.N.Y. 2007) ("The burden of persuasion in a motion to quash a subpoena . . . is borne by the movant." (quotation and citations omitted)); Wright & Miller, supra, § 2459 ("As numerous cases have held, the movant has the burden of persuasion on a motion to quash a subpoena."). "In meeting this burden, such party may not rely on conclusory allegations or mere statements in briefs." *Suggs v. Whitaker*, 152 F.R.D. 501, 505 (M.D.N.C. 1993). The party meets this burden by providing "specific demonstration of facts supporting the requested protection[.]" Id. Preferably, this demonstration is made "through affidavits from knowledgeable persons." Id. If a party fails to meet this burden, the party's motion will be denied.

*Ellis v. Arrowood Indem. Co*., 2014 U.S. Dist. LEXIS 121913, *18-19 (S.D. W. Va. 2014).

2.    Former counsel for Fenn does not challenge this legal statement.  Further, Fenn's former counsel makes no effort to "supplement"/reply as to any of the other challenges raised by Andersen in Dkt. 18[2].  Likewise, former counsel for Fenn has not yet responded to any of Andersen's standing arguments contained at Dkts. 18 and 26 and renewed again herein.

---

[2]    Former counsel for Fenn effectively admits in Dkt 24 he has no legal authority/standing to address this Court given that the Fenn estate has not yet been established.  Moreover, in Dkt 24 (the "reply" brief that offers no substantive reply) former counsel for Fenn does not address any

2

For the reasons stated below, Andersen renews her requests that this Court strike Fenn's briefs for: (a) failure to meet their burden under F.R.Civ.P. 45; (b) failure to offer a substantive reply and/or address Andersen's legal/factual challenges contained in DKT 18; (c) failure to establish as a matter of law why Fenn's former counsel has standing to challenge Andersen's pleading and/or discovery in light of the fact that Fenn is deceased and no estate has been established (or personal representative appointed); failure to establish as a matter of law why Fenn (or any successor) has standing to challenge the sufficiency of Andersen's Amended Complaint; and (d) failure to establish as a matter of law why Fenn (or any successor) has standing to interfere with Andersen's discovery efforts.

**B.     Motion for Reconsideration/Renewed Motion to Strike on the Basis That Former Counsel for Fenn Lacks Standing to Continue to File Pleadings and Make Legal Arguments Before This Court**

3.     By counsel's own representations to this Court pursuant to F.R.Civ.P. 11, Fenn is deceased[3]. To date, counsel has not given a legal basis for his filings on behalf of a deceased person prior to the establishment of the decedent's estate and the appointment of a personal

---

of the legal arguments contained in Dkt 18. Notwithstanding same, former counsel for Fenn offered "supplemental" legal authority in Dkt 25 without explaining why he could brief this matter but not reply to Dkt 18. It appears that former counsel for Fenn is stalling Andersen and this Court. Again, to date, neither Fenn not his former counsel have disavowed Andersen's solve and/or denied that Andersen found the final location contemplated by the Fenn poem/books either in an unverified or verified fashion. (When Andersen asked Mr. Sommer if Andersen was being stalled for a book or movie and whether the conclusion of the Chase was a hoax/prank, Mr. Sommer evaded that question as well.)

[3] Although as previously noted, former counsel for Fenn has not tendered the proper, standard evidence of same (i.e. a death certificate) which is standard practice and proper/accepted evidence. NM Stat § 45-1-107 (2018); *Lohman v. Gen. Am. Life Ins. Co.*, 478 F.2d 719, 729 (8th Cir. 1973) (recognizing that federal courts will accept certified death certificate as evidence); *see also Estate of Rogers v. Globe Life & Accident Ins. Co.*, , 2015 U.S. Dist. LEXIS 10953, at *7 (N.D. Ala. Jan. 30, 2015) ("A of a death certificate is "presumptive evidence of the facts therein stated. . . ." Ala. Code. § 12-21-101 (1975)").

representative. Indeed, counsel effectively concedes that he had no standing/legal authority to address Andersen and this Court at this time in Dkt . 24.

4.       Normally, a party who is deceased cannot file pleadings unless represented by the personal representative of the estate. As such, any filings by this party are deemed a nullity. See by analogy *House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 783-84 (4th Cir. 2019) ("Under governing Maryland law, House's claims could be pursued only by the personal representative of his estate, and so House sought to substitute the estate representative as plaintiff. Instead, the district court granted summary judgment to Mitra, holding that because House was deceased when suit was filed, the purported action was a "mere nullity."). This is consistent with precedent in this jurisdiction as well as noted in *Jones v. 3M Co.*, 107 F.R.D. 202, 209 (D.N.M. 1984):

> In this case capacity to sue is determined by New Mexico law. Fed. R. Civ. P. 17(b). Under New Mexico law, a deceased person lacks capacity to sue. *See Stang v. Hertz Corp.,* 81 N.M. 348, 467 P.2d 14 (1970); *Kilkenny v. Kenney,* 68 N.M. 266, 361 P.2d 149 (1961); § 41-2-3, NMSA 1978; § 37-1-11, NMSA 1978. The personal representative of the estate of a deceased has the capacity to sue on behalf of the deceased. § 41-2-3, NMSA 1978; § 45-3-703, NMSA 1978.

5.       Further, requiring the appointment of a personal representative to represent a deceased person is also consistent with the New Mexico Probate Act. For example, in order to qualify as a personal representative, that person must adhere to the legal formalities, i.e. be appointed and pursuant to a bond. NM Stat § §45-3-601 (1975). Only after the court's appointment of the personal representative does that party submit to the jurisdiction of a proceeding relative to the decedent's estate. NM Stat § §45-3-602 (1975). As such, in light of the above, is Fenn's former counsel suggesting that an alternative statute or precedent allows him to file pleadings before this Court prior to the establishment of a decedent's estate and the appointment of a personal representative? If so, his counsel does not offer same to this Court or

Andersen.  Again, under F.R.Civ.P. 45, the burden of persuasion belongs to Fenn (and/or his personal representatives); conversely, the burden does not belong to Andersen to prove a negative. *See decision cited supra*.  Notwithstanding same, Fenn (and now his counsel) have offered this Court no precedent as to how a person under New Mexico law has standing to come into a legal proceeding and make arguments on behalf of a decedent without first: (a) the establishment of a decedent's estate and/or a personal representative and (b) retention by the personal representative (if someone other than Mr. Sommer).

6. Given that former counsel has no apparent legal standing to address this Court, Andersen asks this Court to require counsel to respond to and explain (a) how they have standing to raise arguments before this Court given that no decedent's estate yet exists; and (b) why their pleadings are not a nullity for want of standing.

As such, Andersen again requests that this Court (a) strike the pleadings filed by former counsel for Fenn for want of standing and as legal nullities pursuant to the above: (b) require former counsel for Fenn to establish with legal or statutory authority as to how he/they can file pleadings before this Court without the establishment of a decedent's estate and/or appointment of a personal representative (and his retention by the latter if Mr. Sommer is not appointed); and (c) to amend the subpoena on its face to be directed to the decedent's estate of Fenn while Andersen and this Court wait for  same to be established.

C. **Motion for Reconsideration/Renewed Motion to Strike Fenn's Former Counsel's Disguised Rule 12(b)(g) Motion to Dismiss Relative to the Sufficiency of Andersen's Amended Complaint For Want of Standing**

7. In this Court's order, this Court denied Andersen's objection to the fact former counsel for Fenn (and Fenn before him) are third parties to this proceeding and lack standing to challenge the sufficiency of Andersen's Complaint under Fed.R.Civ. 12(b)(6)[4].

8. Andersen renews her objection that, as a third party, Fenn nor his counsel have any standing to raise arguments that belong to the alleged "Finder". *Dillon Auto Sales, Inc. v. Troutner*, 2015 U.S.Dist. Lexis 166380, 11 (D.Neb. 2015); *Malibu Media v. Doe*, 2018 U.S.Dist. Lexis 194193, 7-8 (S.D.N.Y. 2018). Again, Fenn (and any successor) are third parties to Andersen's Amended Complaint against the purported "Finder"; notwithstanding same, Fenn nor his former counsel have offered any legal authority as to how they have standing to challenge the legal sufficiency of Andersen's complaint.

9. Indeed, the precedent is clear that a non-party, e.g Fenn (or his successors) here, have no standing to challenge the sufficiency of Andersen's complaint given that they are non-parties to this litigation and are only before this Court on a subpoena[5]:

> Germann is not named as a defendant, is not a party, and has not sought to become a party. Although Germann asserts that it owns and operates the store where Plaintiff allegedly was injured, Plaintiff is the master of her complaint and makes clear that she intends to sue CVS, not Germann. *See* Docs. 18, 20. As a non-party, Germann has no standing to challenge the sufficiency of Plaintiff's complaint or her service of process. Additionally, even though it is invalid because Germann is not a party, Germann's motion for a more definite statement is improper. *See Coleman v. Calvert Cty.*, No. GJH-15-920, 2016 U.S. Dist. LEXIS 5453, 2016 WL 206294, at *1 (D. Md. Jan. 15, 2016).

---

[4] Mr. Sommer does not label his motion as a Fed.R.Civ.P. 12(b)(6) Motion. However, it is clearly such a motion. This Court seems to also recognize same in Dkt. 28.

[5] As noted in Andersen's Amended Complaint, Andersen has not claims against Fenn or the estate at this juncture. Such a claim is premature without knowing the location of the chest and the legal/factual position of the Fenn estate. Fenn made no motion to intervene in this litigation at at any time prior to death.

6

*Epps v. CVS Health Corp.*, 2018 U.S. Dist. LEXIS 135312, at *1-2 (D. Ariz. Aug. 10, 2018); *See also BAKER v. OLD Sec. LIFE Ins. Co.*, 1980 U.S. Dist. LEXIS 12481, at *2 (N.D. Ill. July 8, 1980)("Under Rule 45(d)(1), the permissible scope of the subpoena is governed by F.R.C.P. 26(c). Respondent contends that paragraph 19 is irrelevant to the subject matter of the pending action, because movants' legal theories supporting their counter and cross-claims are invalid. … Respondent, a non-party, will not be permitted to interject its doubts as to the legal sufficiency of movants' counter and cross-claims."). As such, Andersen renews her request to strike DKT 25 given that Fenn and any third party successor have no standing to challenge the sufficiency of Andersen's Amended Complaint.

10. In addition, non-parties such as Fenn (and whomever his personal representative may be) have no standing to ask any court to stay discovery because of purported deficiencies in a complaint. *Williams v. Wellston City Sch. Dist.*, 2010 U.S. Dist. LEXIS 122796, at *19-20 (S.D. Ohio Nov. 2, 2010) (questioning the standing of a non-party to ask a court to stay discovery because of his/her claims that the complaint does not state a viable cause of action):

> The Court does have broad discretion to stay discovery under those circumstances in order to allow the legal of the claim or defense to be tested through motions practice [by a party]. See, e.g., Hahn v. Star Bank, 190 F.3d 708 (6th Cir. 1999). However, the defendants have neither filed a motion directed to the sufficiency of Mr. Williams' claims nor moved for a stay based on the intent to do so, **and it is questionable whether Mr. Shaffer, as a non-party, has standing to ask the Court to stay all discovery because, in his view, the complaint states no viable causes of action**.

*Id*. (emphasis added). As such, Andersen renews her request to strike Dkt 25 on the basis that Fenn (and/or his successors) have no standing to challenge to stay Andersen's discovery efforts in this matter.

11.     Andersen and the general public have a right to know what happened relative to the bizarre and baffling (at least thus far) conclusion of the Chase.

Wherefore, for the reasons stated herein and in DKTs 18 and 26, Andersen asks this Court to reconsider its ruling or, alternatively, renews her motions to strike the pleadings filed by Fenn and his former counsel.

        /s/ Barbara Andersen

Barbara Andersen, 6256000
1220 West Sherwin, Unit 1E
Chicago, IL 60626
(708) 805-1123
bandersen@andersen-law.com

8

## CERTIFICATE OF SERVICE

Barbara Andersen hereby certifies that on October 6, 2020 the **MOTIONS FOR RECONSIDERATION OR ALTERNATIVE MOTION TO RENEW ANDERSEN'S PREVIOUSLY FILED MOTIONS TO STRIKE [DKTS 18 AND 26] RELATIVE TO THE PLEADINGS FILED BY FORMER COUNSEL FOR FENN [DKTS 17, 25 AND 27]** was filed and delivered via the ECF filing system to:

Service list:
karls@sommerkarnes.com


/s/Barbara Andersen_____
Barbara Andersen
Andersen Law LLC
1220 West Sherwin, Unit 1E
Chicago, IL 60626
708-805-1123