IN THE UNITED STATES DISTRICT COURT
OF NEW MEXICO

| | | |
|---|---|---|
| Barbara Andersen | ) | |
|     Plaintiff | ) | Case 20-cv- 00553-JFR |
| v. | ) | |
| Forrest Fenn; Unknown Defendant | ) | |

**SUPPLEMEMENT TO ANDERSEN'S MOTION FOR RECONSIDERATION [Dkt.29]**

Barbara Andersen, as her own attorney, hereby tenders this supplement to Dkt. 29.

1. Andersen filed a motion for reconsideration or alternative motion to renew objections relative to the filings of Fenn's former counsel. In relevant part, Andersen objected on the basis that Fenn's former counsel lacked standing to file pleadings on behalf of a deceased person without: (a) a court order appointing a personal representative of the decedent estate and (b) retention by the personal representative. See Dkt. 29.

2. Since Andersen's filing, Andersen has learned that Fenn's former counsel filed a pleading in the Erskine matter showing the appointment of Fenn's daughter as the personal representative. A copy of same is attached hereto as Exhibit 1.

3. As this Court can see from the attached exhibit, Fenn's former counsel was fully aware that he lacked standing to file the pleadings before this court. As such, Andersen asks this Court to consider this pleading (admission by Fenn's former counsel) relative to Andersen's motion for reconsideration on her motion to strike Fenn's former counsel's pleadings for want of standing.

4. In addition, as this Court can see, in support of the waiver of a bond, counsel for the estate have falsely represented to the New Mexico probate court that "[n]o demands of interested persons on notice of any proceeding concerning the Decedent in New Mexico or elsewhere have been received by the Applicant". Andersen has not yet seen the application for

1

bond waiver as of yet. However, it appears from Exhibit A that counsel for the personal representative of the Fenn estate did not disclose pending litigation to the probate court

5. Mr. Sommer, who filed the attached exhibit and is counsel in both this case and the Erskine matter (including now as the counsel/agent for the personal representative), is obviously aware of the fact that Mr. Erskine has claims against the estate of Fenn prior to soliciting the bond waiver. Mr. Sommer was also aware as agent of Mr. Fenn (and now apparently the personal representative in at least the Erskine matter) of Mr. Erskine's claim and, further, Andersen's potential claim at the time when the personal representative solicited a bond waiver from the New Mexico probate court.

6. Credibility issues relative to the conclusion of the chase continue to mount. Andersen again asks this Court to ask Mr. Sommer to explain why (a) there appears to be no disclosure of pending to litigation against and/or involving Fenn (and now his estate) the probate court and (b) whether the Fenn estate is in possession of the chest and, if so, why?

7. Andersen will supplement this argument relative to credibility issues of Fenn and counsel in the forthcoming brief relative to Andersen's current Amended Complaint and recent press releases.

Wherefore, Andersen asks this Court to consider the attached exhibit relative to Dkt, 29 and for other relief as this Court deems just and equitable.

       /s/ Barbara Andersen

Barbara Andersen, 6256000
1220 West Sherwin, Unit 1E
Chicago, IL 60626
(708) 805-1123
bandersen@andersen-law.com

2

## **CERTIFICATE OF SERVICE**

Barbara Andersen hereby certifies that on October 8, 2020 the **SUPPLEMEMENT TO DKT 29's MOTION FOR RECONSIDERATION** was filed and delivered via the ECF filing system to:

Service list:
karls@sommerkarnes.com


/s/Barbara Andersen_____
Barbara Andersen
Andersen Law LLC
1220 West Sherwin, Unit 1E
Chicago, IL 60626
708-805-1123