IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BARBARA ANDERSEN,**

      **Plaintiff,**

v.                                                                                                  No. 1:20-cv-00553-JFR

**FORREST FENN and**
**FNU LNU,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Forrest Fenn's Motion to Require an Amended Complaint Before Discovery Proceeds, for an *In Camera* Hearing and a Protective Order Quashing Subpoena, Doc. 17, filed August 31, 2020 ("Fenn's Motion"); (ii) Plaintiff's Response to Order to Show Cause, Motion to Strike Forrest Fenn's Motion to Quash, Motion for Extension of Time to File an Amended Complaint Against the Unknown Defendant and/or the Estate of Forrest Fenn, Doc. 20, filed September 10, 2020 ("Response and Motions"); (iii) Plaintiff's Motion to Strike Dockets 24 and 25 and for Other Relief, Doc. 26, filed September 18, 2020 ("Motion to Strike"); (iv) Plaintiff's Motions for Reconsideration or Alternative Motion to Renew Andersen's Previously Filed Motions to Strike [DKTS 18 and 26] Relative to the Pleadings Filed by Former Counsel for Fenn [DKTS 17, 25 and 27], Doc. 29, filed October 6, 2020 ("Motion for Reconsideration"); (v) Plaintiff's Supplement to Andersen's Motion for Reconsideration [Dkt. 29], Doc. 30, filed October 8, 2020 ("Motion to Supplement"); (vi) Plaintiff's Response to this Court's Rule to Show Cause Order, Doc. 31, filed October 8, 2020 ("Response to Order to Show Cause"); and (vii) Plaintiff's Motion to Supplement, Doc. 32,filed November 16, 2020 ("Second Motion to Supplement").

**Fenn's Motion**

Fenn asks the Court to: (i) require Plaintiff to file an amended complaint stating a claim over which the Court has subject-matter jurisdiction; (ii) hold *in camera* hearings with Plaintiff and Fenn; and (iii) enter a protective order quashing Plaintiff's subpoena. *See* Fenn's Motion at 11.

The Court denies Fenn's request to require Plaintiff to file an amended complaint as moot because the Court has ordered Plaintiff to file an amended complaint, *see* Doc. 22, filed September 11, 2020, and Plaintiff has filed an Amended Complaint, *see* Doc. 23, filed September 17, 2020.

The Court denies Fenn's request that the Court hold *in camera* hearings with Fenn, the finder, and Plaintiff, because Fenn is now deceased. *See* Statement Noting Death of Forrest Fenn, Doc. 21, filed September 10, 2020.

The Court denies Fenn's request for a protective order quashing the subpoena as moot because Fenn is now deceased.

**Plaintiff's Response and Motions**

The Court grants Plaintiff's request to amend her subpoena to Mr. Fenn to reflect that it is now directed to the unknown heirs of Mr. Fenn. *See* Response and Motions ¶ 7 at 3. Plaintiff may not amend the scope of the subpoena, which is limited to "obtain the identity and address of the Unknown Plaintiff." Mem. Op. and Order at 5, Doc. 14, filed August 14, 2020.

The Court denies the following:

(i)   Plaintiff's request that the Court "reconsider its orders relative to the scope of discovery now that Mr. Fenn has purportedly passed" because Plaintiff has not cited any legal authority supporting her request or described the scope of discovery that Plaintiff seeks. Response and Motions ¶ 5 at 2; *see* D.N.M.LR-Civ. 7.1(a) ("A motion must … state

       with particularity the grounds and the relief sought"); 7.3(a) ("A motion … must cite authority in support of the legal positions advanced").

(ii)    Plaintiff's request to rule on Fenn's motion to quash the subpoena as moot because, as discussed above, the Court is denying the motion to quash as moot because Fenn is now deceased.

(iii)    Plaintiff's request to conduct a status conference with Fenn's counsel "directing him to answer questions relative to the solve, who has knowledge of the solve in light of Mr. Fenn's purported passing, the current location of the chest(s), the identity of the finder, etc" because Plaintiff has not cited any legal authority supporting her request. Response and Motions ¶ 8 at 4; *see* D.N.M.LR-Civ. 7.1(a), 7.3(a).

(iv)    Plaintiff's request for additional time to file her Amended Complaint as moot because she has filed her Amended Complaint. *See* Doc. 23, filed September 17, 2020.

**Plaintiff's Motion to Strike**

       Plaintiff asks the Court to: (i) strike Fenn's Reply, Doc. 24, filed September 17, 2020, and Fenn's Supplemental Motion for Supplemental Authorities, Doc. 25, filed September 17, 2020, for want of standing; (ii) order Fenn's counsel to file Fenn's death certificate; and (iii) "order future counsel for the heirs of Mr. Fenn to establish their legal authority before any future communications to [Plaintiff] and/or this Court." Motion to Strike at 3.

       The Court denies Plaintiff's Motion to Strike Fenn's Reply, Doc. 24, as moot because, as discussed above, the Court is denying Fenn's Motion.

       The Court denies Plaintiff's Motion to Strike Fenn's Supplemental Motion, Doc. 25, as moot because the Court has denied Fenn's Supplemental Motion. *See* Doc. 28, filed September 25, 2020.

The Court denies Plaintiff's request to order Fenn's counsel to file Fenn's death certificate because Plaintiff has not cited any legal authority supporting her request. *See* D.N.M.LR-Civ. 7.1(a), 7.3(a).

The Court denies Plaintiff's request to order future counsel for the heirs of Mr. Fenn to establish their legal authority before any future communications to [Plaintiff] and/or this Court as premature because future counsel for the heirs of Mr. Fenn have not entered their appearance(s) in this case.

**Plaintiff's Motion for Reconsideration**

Plaintiff's Motion for Reconsideration states that it only addresses Plaintiff's previously filed Motions to Strike documents filed by Fenn's counsel and that Plaintiff:

> again requests that this Court (a) strike the pleadings filed by former counsel for Fenn for want of standing and as legal nullities pursuant to the above: (b) require former counsel for Fenn to establish with legal or statutory authority as to how he/they can file pleadings before this Court without the establishment of a decedent's estate and/or appointment of a personal representative (and his retention by the latter if Mr. Sommer is not appointed); and (c) to amend the subpoena on its face to be directed to the decedent's estate of Fenn while [Plaintiff] and this Court wait for same to be established.

Motion for Reconsideration at 5.

The Court denies Plaintiff's Motion for Reconsideration as moot because, as described above, the Court has denied Plaintiff's previously filed motions to strike Fenn's documents, Fenn is deceased, and the Court has granted Plaintiff's previously filed motion to amend the subpoena.

**Plaintiff's Motion to Supplement**

After filing her Motion for Reconsideration, Plaintiff learned of other documents that she "asks this Court to consider" relative to her Motion for Reconsideration. The Court denies Plaintiff's Motion to Supplement as moot because it is denying her Motion for Reconsideration as moot.

**Plaintiff's Response to Order to Show Cause**

Plaintiff's Amended Complaint asserts a claim for monetary relief pursuant to 18 U.S.C. § 1030. *See* Doc. 23 at 16-19, filed September 17, 2020. The Court ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claim pursuant to 18 U.S.C. § 1030 for failure to state a claim stating:

> It appears that Plaintiff has not stated a claim pursuant to the CFAA because she has not alleged she suffered a loss of at least $5,000. Plaintiff acknowledges that Section 1030(g) of the CFAA "allows for private person who have been damaged in excess of $5,000 or more to seek monetary and/or injunctive relief," but does not allege that Plaintiff's reasonable costs incurred in connection with such activities as responding to a violation, assessing the damage done, and restoring the affected data, program system, or information to its condition prior to the violation or that any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service, exceeded $5,000. *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1132 (9th Cir. 2009) (stating that "to bring an action successfully under 18 U.S.C. § 1030(g) based on a violation of [other similar subsections of 18 U.S.C. § 1030]" a plaintiff must show, among other things, there was "a loss to one or more persons during any one-year period aggregating at least $5,000 in value").

Doc. 28 at 2, filed September 25, 2020.

Plaintiff has shown cause why the Court should not dismiss her claim pursuant to 18 U.S.C. § 1030. Plaintiff notes that the relevant sections of 18 U.S.C. § 1030 provide that "[a]ny person who suffers **damage or** loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief," 18 U.S.C. § 1030(g) (**emphasis added**), and that "loss," is defined as "any reasonable cost to any victim, **including [but not limited to]** the cost of responding to an offense, conducting a damage assessment, and restoring the data program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service," 18 U.S.C. § 1030(e)(11) (**emphasis added**), Plaintiff argues that she "has clearly alleged that a hacker/unknown third party has accessed her personal,

proprietary information from her computer/e-mails relative to the solve surrounding the Fenn treasure … and has clearly alleged that this fact well exceeds the $5,000 jurisdictional limit." Response to Order to Show Cause at 9-10.  The Amended Complaint sufficiently alleges that her loss includes the treasure chest and its contents which are valued at "millions of dollars."  Amended Complaint ¶ 66, at 18.

At the end of her Response to the Order to Show Cause, Plaintiff requests a status conference and requests that the Court:

> (b) allow discovery as to the contact information of the "Finder" to proceed; (c) allow additional discovery as to the location of the treasure chest; (d) allow Andersen to issue an additional subpoena to the "Medium" website to find out who published this article; (e) that this Court order a status requiring Mr. Sommer to address his pleadings and Andersen's above questions; and (f) that this Court order an *in camera* hearing with Andersen to further address the solve, books, etc.

Response to Order to Show Cause at 14 ("requests (b) through (f)").  The Court denies Plaintiffs' request for a status conference and requests (b) through (f) because Plaintiff has not properly supported her requests.  *See* D.N.M.LR-Civ. 7.1(a), 7.3(a).

**Plaintiff's Second Motion to Supplement**

Plaintiff's Second Motion to Supplement states that "the 'Finder' also referenced the book Seventeen Dollars a Square Inch" and after reading the book "it was clear that the 'Finder' was alluding to the final area where Andersen was searching in October 2019-June 2020 (in New Mexico)."  Plaintiff "request that this Court consider this supplement to the pending matters before this Court."  The Court denies the motion as moot because the Court has considered Plaintiff's Second Motion to Supplement before ruling on the pending matters.

**IT IS ORDERED** that:

(i)  Forrest Fenn's Motion to Require an Amended Complaint Before Discovery Proceeds, for an *In Camera* Hearing and a Protective Order Quashing Subpoena, Doc. 17, filed August 31, 2020, is **DENIED.**

(ii)  Plaintiff's Response to Order to Show Cause, Motion to Strike Forrest Fenn's Motion to Quash, Motion for Extension of Time to File an Amended Complaint Against the Unknown Defendant and/or the Estate of Forrest Fenn, Doc. 20, filed September 10, 2020, is **GRANTED in part.** Plaintiff may amend the subpoena to reflect that it is directed against the unknown heirs of Mr. Fenn; the remainder of the requests are **DENIED.**

(iii)  Plaintiff's Motion to Strike Dockets 24 and 25 and for Other Relief, Doc. 26, filed September 18, 2020, is **DENIED.**

(iv)  Plaintiff's Motions for Reconsideration or Alternative Motion to Renew Andersen's Previously Filed Motions to Strike [DKTS 18 and 26] Relative to the Pleadings Filed by Former Counsel for Fenn [DKTS 17, 25 and 27], Doc. 29, filed October 6, 2020, is **DENIED as moot.**

(v)  Plaintiff's Supplement to Andersen's Motion for Reconsideration [Dkt. 29], Doc. 30, filed October 8, 2020, is **DENIED as moot.**

(vi)  Plaintiff's request for a status conference and requests (b) through (f) in the conclusion of her Response to this Court's Rule to Show Cause Order, Doc. 31, filed October 8, 2020, are **DENIED.**

(vii)  Plaintiff's Motion to Supplement, Doc. 32, filed November 16, 2020, is **DENIED as moot.**

_____
**UNITED STATES MAGISTRATE JUDGE**