IN THE UNITED STATES DISTRICT COURT
OF NEW MEXICO

| | | |
|---|---|---|
| Barbara Andersen | ) | |
|      Plaintiff | ) | Case 20-cv- 00553-JFR |
| v. | ) | |
| Forrest Fenn; Unknown Defendant | ) | |

## MOTION TO PRESERVE EVIDENCE AND, FURTHER, TO ALLOW ANDERSEN TO SUBPOENA THIRD PARTY DAL NEITZEL FOR RECORDS

Barbara Andersen, as her own attorney, hereby files this motion to preserve evidence against the Estate of Fenn and, further, for leave to issue a subpoena to third party Dal Neitzel.  In support of the motion, Andersen states as follows:

1.      As this Court is aware, this Court allowed limited discovery against the Estate of Fenn to date.  Andersen will be filing a motion relative to that response on Monday of next week. Andersen is attempting to complete another deadline.

2.      At this juncture, Andersen is concerned with the spoliation of evidence by the Estate of Fenn and third parties.  In Andersen's upcoming motion against the Estate of Fenn, Andersen will address the unverified "response" (the attorney tendered the response without verified by personal representative Zoe Olds) of the Estate to the subpoena for name/contact information of the "Finder"- - namely, the Estate denying that it has in its possession/control the address and/or phone number of the "Finder", whom is now known to be a former spoof writer for publications such as the Onion.  Andersen will address further details relative to him and the recent updates by the Fenn Estate/the "Finder" in her upcoming motion.  In relevant part hereto, Andersen will challenge the credibility that the Estate does not have address/phone record information relative to the purported "Finder", particularly given that the purported "Finder" called Fenn (presumably from his cell phone) both before (see https://thefinder.medium.com/a-remembrance-of-forrest-fenn-1be2a8646ff2 (noting call to Fenn in 2018) and after his purported

1

retrieval of the treasure.  (Presumably, the Estate of Fenn would have required address information from the "Finder" for income tax purposes.)

3.      At this juncture, Andersen has observed the blog site entitled Mysterious Writings (where Andersen blogged with Fenn) wiped clean.  Andersen will subpoena same once discovery is open (if necessary) to find out if the blogs were maintained somewhere off line.  However, at this point, Andersen has spoilation of evidence concerns.

4.      In addition, Andersen has observed that the Estate of Fenn deleted their family website that previously contained postings and articles relative the Chase.  Upon information and belief, this event occurred post litigation.

5.      In addition, third party Dal Neitzel has advised the public that it intends to delete its website by December 27, 2020.  https://dalneitzel.com/2020/11/27/quitting/[1]

6.      Andersen has advised both counsel for the Estate of Fenn and Dal Neitzel that the records relative to this website should be preserved and that she had spoilation of evidence concerns.  Neither the counsel for the Estate nor Dal Neitzel responded to Andersen.  In addition, there has been no effort by Dal Neitzel to withdraw his threatened destruction of his blog relative to the Chase.

7.      If this litigation is not resolved, Andersen may need to seek discovery as to spoilation:

> Each party to civil litigation is required to preserve evidence that the party knows or should know may be relevant to current or future litigation. *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008). In certain circumstances, the parties may investigate the adequacy of one another's preservation efforts through discovery. *See Konica Minolta Bus. Sols., U.S.A. Inc. v. Lowery Corp.*, No. 15-cv-

---

[1]      Andersen will explain in her next motion that she is hoping that this blog is being deleted for a benevolent/fun reasons.  However, Andersen is not knowledgeable as to what the Estate/ "Finder" and relevant third parties are currently doing.  Counsel for the Estate should have advised his client regardless of the obligation to preserve records.

11254, 2016 U.S. Dist. LEXIS 117120, 2016 WL 4537847, at *5-6 (E.D. Mich. Aug. 31, 2016) (explaining that discovery into a party's preservation efforts and other topics was needed before entering spoliation sanctions). Such investigation is especially relevant where the adequacy of a party's preservation efforts is in question. *See EPAC Techs., Inc. v. Thomas Nelson, Inc.*, No. 3:12-cv-00463, 2015 WL 13729725, at *6 (M.D. Tenn. Dec. 1, 2015) (finding that discovery into defendant's litigation hold notices would be allowed upon a preliminary showing of spoliation). However, because unbounded discovery into a party's preservation efforts can become a "fishing expedition[,]" spoliation discovery is appropriately limited to investigation of the allegedly destroyed evidence. *Mannina v. District of Columbia*, __ F. Supp. 3d __, 2020 U.S. Dist. LEXIS 17633, 2020 WL 555056, at *9            (D.D.C.            Feb.            4,            2020).

*Shufeldt v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., No.* 3:17-cv-01078, 2020

U.S. Dist. LEXIS 56062, at *28-29 (M.D. Tenn. Mar. 31, 2020)

8.      All counsel are/were obligation to put a litigation hold on their files and that

evidence destruction is improper:

> Once a party reasonably anticipates litigation, it is obligated to suspend its routine document retention/destruction policy and implement a "litigation hold" to ensure the preservation of relevant documents. *Thompson*, 219 F.R.D. at 100 (quoting *Zubulake IV*, 220 F.R.D. at 218). "Relevant documents" includes the following:
>
> [A]ny documents or tangible things (as defined by [Fed. R. Civ. P. 34(a)]) made by individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses." The duty also includes documents prepared *for* those individuals, to the extent those documents can be readily identified (*e.g.*, from the "to" field in e-mails). The duty also extends to information that is relevant to the claims or defenses of *any* party, or which is "relevant to the subject matter involved in the action." Thus, the duty to preserve extends to those employees likely to have relevant information--the "key players" in the case.
>
> *Zubulake IV*, 220 F.R.D. at 217-18 (footnotes omitted). Thus, as of January 5, 2001, Tracer/PSI was obligated to implement a litigation hold with respect to relevant documents including electronically stored information for the "key players" involved with the dispute with Goodman. Tracer/PSI argues that Marty was the only "key player" to this litigation, as "[s]he executed the contract with Goodman and was considered by everyone to be Goodman's primary contact." Def.'s Resp. 11 (citing *Zubulake IV*, 220 F.R.D. at 218). As viewed by Tracer/PSI, "the vast majority of communications occurred between Marty and Goodman," therefore, Marty was the only individual at Tracer under

an obligation "to preserve documents relevant to Goodman's claims." *Id*.
Tracer/PSI's argument is founded on a misreading of *Zubulake
IV*; ***HN8*** identifying a "key player" in litigation is not dependent on the volume
of interaction between an individual and a litigant, but rather is determined by
whether an individual is likely to have information relevant to the events that
underlie the litigation. Goodman contends that the duty to preserve extended
beyond Marty, and also was applicable to: (1) Wilson and Gade, third-party
consultants for Tracer; (2) Golding, the Tracer employee responsible for
answering technical questions on the project; and (3) Thompson, Tracer's
founder. *See* Pl.'s Mem. Supp. 9-10, 17. For reasons discussed below, I find
that the duty to preserve applied to Marty, Golding, and Thompson, but not to
Wilson or Gade.

*Goodman v. Praxair Servs.*, 632 F. Supp. 2d 494, 511-12 (D. Md. 2009)

9.      Finally, if this litigation is not resolved, Andersen may need to seek relief from this

Court under F.R.Civ.P. 37 for past and/or future spoilation:

> Fed. R. Civ. P. 37(e) governs the preservation and potential sanctions for
> spoliation of electronically stored information (ESI). The Rule provides:
>
> If electronically stored information that should have been preserved in the
> anticipation or conduct of litigation is lost because a party failed to take
> reasonable steps to preserve it, and it cannot be restored or replaced through
> additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may
> order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another
> party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
>
> (B) instruct the jury that it may or must presume the information was
> unfavorable to the party; or
>
> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).

10.     Here, to potentially avoid seeking sanctions after the fact, Andersen first requests that this Court order the Estate of Fenn to preserve all correspondence, electronic data, phone records and other materials relative to the Chase:

> The Court also has broad discretion in determining whether to enter a preservation order. *In re African-Am. Slave Descendants' Litig.*, No. 02 C 7764, 2003 WL 24085346, at *2 (N.D. Ill. July 15, 2003). 'A motion to preserve evidence is an injunctive remedy and should issue only upon an adequate showing that equitable relief is warranted.' *Id.* (quotations and citations omitted). 'In deciding whether to enter a preservation order, courts in this district have considered (1) whether Plaintiffs can demonstrate that Defendants will destroy necessary documentation without a preservation order; 2) whether Plaintiffs will suffer irreparable harm if a preservation order is not entered; and 3) the burden imposed upon the parties by granting a preservation order." *McDaniel v. Loyola Univ. Med. Ctr.*, No. 13-CV-06500, 2014 WL 1775685, at *2 (N.D. Ill. May 5, 2014).

*Estate of Pierre Loury v. City of Chi.*, 2017 U.S. Dist. LEXIS 232931, at *4 (N.D. Ill. Mar. 14, 2017).  Given the destruction of the Fenn website, Andersen is concerned that counsel for the Fenn Estate has not advised the Fenn Estate of their obligation to preserve documentation.

11.     Likewise, given that it is clear that third party Dal Neitzel is going to delete relevant electronic data relevant to this litigation and that neither Dal Neitzel nor counsel for the Estate are acknowledging Andersen's preservation demands, Andersen requests relief relative to his website.

12.     It is unclear at this juncture whether the Estate of Fenn has control over or a business relationship with third party Dal Neitzel.  If they do, Andersen requests that this Court also order the Estate of Fenn to direct Dal Neitzel to maintain all blog record (including comments), correspondence and all other matters relative to the website and the Chase,

13.     In the alternative to paragraph 9 (in the event that the Estate denies the ability to control/direct Dal Neitzel, Andersen requests that this Court allow Andersen to issue a subpoena to Dal Neitzel so as to ensure the preservation and production of relevant materials.

14.     The blogs are relevant to this litigation in that both Andersen and Forrest Fenn (in hidden characters) blogged on same and gave hints/thoughts which confirm the location as New Mexico.  Andersen is attempting to copy all of the Dal Neitzel data in light of the threatened destruction of the Dal Neitzel blog.  However, Andersen should not have to do so.  This blog and all records (i.e. correspondence, financial records, records relative to the Find/Retrieval of the chest, and all contents of the blog) should be preserved.

Wherefore, Andersen requests that this Court issue a preservation order against the Estate of Fenn and, depending on the response of the Estate relative to Dal Neitzel, issue an immediate subpoena to Dal Neitzel for records.  Given the threatened deletion by Dal Neitzel is announced as December 27, 2020, Andersen asks for ruling as soon as practical for this Court.

Respectfully submitted:


_____/s/ Barbara Andersen_____

Barbara Andersen, 6256000
1220 West Sherwin, Unit 1E
Chicago, IL 60626
(708) 805-1123
bandersen@andersen-law.com

## <u>CERTIFICATE OF SERVICE</u>

Barbara Andersen hereby certifies that on December 8, 2020 the **MOTION TO PRESERVE EVIDENCE AND, FURTHER, TO ALLOW ANDERSEN TO SUBPOENA THIRD PARTY DAL NEITZEL FOR RECORDS** was filed and delivered via the ECF filing system to:

Service list:
karls@sommerkarnes.com


/s/Barbara Andersen_____
Barbara Andersen
Andersen Law LLC
1220 West Sherwin, Unit 1E
Chicago, IL 60626
708-805-1123

(Filed remotely from 8860 Dawn Haven Road, Northport, Michigan.)