UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| BARBARA ANDERSEN, )<br>   )<br>  Plaintiff, )<br>   )<br> vs. )<br>   )<br> UNKNOWN DEFENDANT, AND )<br> FORREST FENN, )<br>   )<br>  Defendants. | Case No. 1:20-CV-00553-JFR |

RESPONSE OF THE ESTATE OF
FORREST FENN, DECEASED, TO PLAINTIFF'S
MOTION TO COMPEL

**COMES NOW** Zoe Old, in her capacity as Personal Representative of the Estate of Forrest Fenn, deceased, (Cause No. 101-PB-2020-00204, First Judicial District Court, State of New Mexico), by and through her attorneys Sommer Karnes & Associates LLP (Karl H. Sommer), and hereby responds to the Plaintiff Barbara Andersen's December 15, 2020 *Motion to Compel, or, Alternatively, Contempt Against the Estate of Forrest Fenn* [Doc 42] (the "Motion").

The Court first allowed limited discovery against Forrest Fenn so Ms. Andersen could seek the name, address, e-mail address and phone number of the so-called Unknown Defendant. (Doc 14, p. 5) Ms. Andersen served Mr. Fenn with a subpoena on August 17, 2020, seeking that information. Mr. Fenn timely sought a protective order on August 31, 2020 (Doc 17). Mr. Fenn died on September 7, 2020. The Court ruled that Mr. Fenn's death rendered his request for a protective order moot, and granted Ms. Andersen leave to re-issue the limited subpoena to the "unknown heirs" of Mr. Fenn. (Doc 33, p.7) On November 25, 2020, Ms. Andersen served a subpoena on Ms. Zoe Old, the daughter and the Personal Representative of the Estate of Forrest

Burke Fenn. On December 8, 2020, Ms. Old responded to the second subpoena with the information in her possession that was described in the subpoena. (Doc 37).  Ms. Old's response provided the name of the person who found the treasure chest, namely, Mr. Jonathan "Jack" Stuef, and provided his e-mail address.  Furthermore, her response states that Ms. Old has neither Mr. Stuef's address nor his phone number.  The instant Motion followed on December 15, 2020.

Ms. Andersen spends the first eleven and a half (11.5) pages of her Motion meandering through an incomprehensible and outlandish diatribe about the "Finder," "Fennatic Youtubers," "Fenn's grandson," "King Tut," "Kevin Bacon," "Indiana Jones" and countless others.  It is complete a mystery what any of Ms. Andersen's imaginative theorizing has to do with the purported reason for the Motion – namely, to attempt to compel the disclosure of the address and phone number of Mr. Stuef.  The portion of the Motion related to Ms. Andersen's complaints about Ms. Old's response to the subpoena can be summarized succinctly as follows:  (a) Ms. Old did not "verify" her response (Doc 43, p. 13, ¶ 29), (b) Ms. Andersen finds it "absurd" and "specious" that Ms. Old claims not have the address or phone number of Mr. Stuef, (Doc 43, p. 13, ¶¶ 29 and 31) and (c) Mr Stuef's attorney and the undersigned counsel "know each other and clearly coordinated efforts," and therefore the address and phone number of Mr. Stuef were "easily accessible." (Doc 43, p. 13, ¶ 31)  Each contention will be addressed separately below.

Ms. Andersen complains that the Response (Doc 37) is not "verified".  She cites no authority that the provision of information by Ms. Old was required to be verified.  Ms. Old in her capacity as Personal Representative is not a party to this cause and is not responding to a discovery requests upon a party.  Notably, Ms. Andersen did not serve a subpoena duces tecem requiring Ms. Old to appear at deposition and provide documents of any sort under oath.  She merely asked for information.  Ms. Old timely provided the information she possesses.

Ms. Andersen finds it "absurd" and "specious" for Ms. Old to claim that the Estate does not have the address and phone number of Mr. Stuef, given that Mr. Stuef claims to have spoken to Mr. Fenn by phone.  Ms. Andersen asks, "Why has the representative of the Estate not looked up the phone records of Fenn to provide the phone number?" (Doc 43, p.13 ¶ 30)  Mr. Fenn used a "land line" to make and receive calls, and the phone records of incoming calls would only reveal, perhaps, that peopled called Mr. Fenn.  The records would not reveal who the callers are, and Ms. Old would have no way of knowing which call was from Mr. Stuef, even if the records contained his number.  In short, Ms. Old does not have Mr. Stuef's number and would not know what to look for even if the phone records contained it.

As to the Mr. Stuef's address, Mr. Stuef did not give Ms. Old his address, nor did he give it to Mr. Fenn, as far as Ms. Old is informed.  Ms. Andersen states that "one would expect" that Mr. Fenn had it for tax purposes.  As far as Ms. Old is informed, Mr. Fenn did not obtain Mr. Stuef's address for any purpose.

Ms. Andersen next asserts that undersigned counsel could have easily obtained Ms. Stuef's address and phone number from Mr. Stuef's attorney, as though the undersigned had some duty to do so or that Mr. Stuef's attorney would have some obligation to turn it over.  The undersigned is not obligated to seek information from Mr. Stuef for Ms. Andersen's benefit.  Ms. Andersen has been in contact with Mr. Stuef's attorney, who has offered to accept service on behalf of Mr. Stuef of Ms. Andersen's soon-to-be filed complaint.  Ms. Andersen was aware of that offer by Mr. Stuef's attorney on December 8, 2020.  Presumably, the address and phone number of Mr. Stuef are needed for service of process.  The offer to accept service by Mr. Stuef's attorney rendered the "need" for the address and phone number moot.  Still, Ms.

Andersen has wasted the court's time with her Motion when she knew she no longer needed the address and phone number and could deal with Mr. Stuef's attorney.

Curiously, the Motion is titled "AMENDED MOTION TO COMPEL OR, ALTERNATIVELY, CONTEMPT AGAINST THE ESTATE OF FORREST FENN," but it seeks an "order to show cause" and provides no basis and cites no authority for an order compelling information that Ms. Old does not have, or for an order finding Ms. Old in contempt. The Court should deny the Motion because (a) most of it is an irrelevant recitation of wild theories held by Ms. Andersen, (b) Ms. Old does not have the information sought, and (c) Ms. Andersen does not need the information, as she has received an offer from Mr. Stuef's attorney to accept service.

Respectfully submitted,

SOMMER KARNES & ASSOCIATES, LLP

Attorneys for the Estate of Forrest Fenn

By: /s/*Karl H. Sommer*
      Karl H. Sommer
      Post Office Box 2476
      Santa Fe, New Mexico 87504
      (505) 989-3800
      khs@sommerkarnes.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of the foregoing Response to Motion to Compel was submitted and served via email this ___ day of December 2020 to Plaintiff:

Barbara Andersen
Plaintiff, *Pro Se*
1220 W Sherwin, Unit 1E

4

Chicago IL 60626
bandersen@andersen-law.com

                                                */s/ Karl H. Sommer*
                                                  Karl H. Sommer