# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BARBARA ANDERSEN,

       Plaintiff,

v.                                                                                                                    No. 1:20-cv-00553-WJ-JFR

FORREST FENN and
FNU LNU,

       Defendants.

## ORDER REGARDING COMMUNICATION WITH THE COURT

The Court's staff has recently received phone calls from Plaintiff asking for information about how to request a Zoom hearing. Plaintiff also emailed a proposed order with the email stating Plaintiff's position on certain matters and requesting action by the Court. *See* Attachment.

The Court, including Clerk's Office staff, cannot give advice on how to prosecute a case. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("the court will not construct arguments or theories for a pro se litigant").

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

> Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff. *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party.
>
> Any communication between the assigned judge and a *pro se* litigant should be in writing, and a copy of the communication should be sent to the opposing party or, if represented, to that party's attorney. The letter to the judge should indicate that a copy has been sent to the opposing party. Telephone or personal contact with the judge's staff should be limited to specific scheduling inquiries.

Guide for Pro Se Litigants at 11-12.

> Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using the address for the division [Albuquerque, Las Cruces or Santa Fe] where the subject case has been assigned.

Guide for Pro Se Litigants at 5 (providing the Albuquerque, Las Cruces and Santa Fe addresses).

Henceforth, Plaintiff shall abide by the above referenced authorities and shall cease contacting Court staff seeking advice on how to prosecute her case.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| **From:** | Barbara Andersen |
| **To:** | NMDdb_Proposed Text Johnson |
| **Subject:** | Motion to Voluntarily Dismiss or Stay/Andersen v. Jack Stuef and Forrest Fenn |
| **Date:** | Tuesday, January 26, 2021 9:13:35 AM |
| **Attachments:** | Draft order.docx |

**CAUTION - EXTERNAL:**

Good morning. Per our conversation, I sued Jack Stuef and the Estate of Forrest Fenn relative to his treasure book/ending. The magistrate judge struck the pleading prior to the appearance of either defendant. I have a motion to file an amended pleading on file.

However, at this juncture, I suspect that the defendants engaged in prank ending relative to their treasure book/ending. The "finder" of the treasure is Jack Stuef... a former Onion/spoof writer. As such, I decided to ask this Court for more time given that I hope and suspect that the prank ending will be fully revealed without further litigation in the coming months.

Because a prior version of the complaint was stricken, I am concerned that if I dismiss without express language the defendant(s) may raise res judicata against me if I need to return and the prank is not admitted. As such, I am asking either for the granting of a motion to voluntarily dismiss with express language that res judicata will not bar me if I re-file (paragraph 1 of the draft order) or alternatively to stay until the fall of 2021 (paragraph 2 of the draft order). If the Court does not wish to grant either request, I would request to be sent back to the magistrate judge to carry on with the case in that I am not willing to let go of my claims without the ability to return to court in the fall if necessary. (You will need to strike one of the paragraphs in my draft order.)

Please give me a call if this was unclear. Thanks and best,

Barb Andersen, 708-805-1123

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

IN THE UNITED STATES DISTRICT COURT
OF NEW MEXICO

| | | |
|---|---|---|
| Barbara Andersen | ) | |
|     Plaintiff | ) | Case 20-cv- 00553-JFR |
| v. | ) | |
| Jack Stuef | ) | |

## **ORDER**

This matter coming before the Court on Andersen's alternative motions to (a) voluntarily dismiss this case without prejudice and with express language that res judicata will not bar the re-filing of any future suit against Jack Stuef and/or the Estate of Forrest Fenn or (b) alternatively, to stay these proceedings until the fall of 2021, IT IS HEREBY ORDERED:

1. The Motion to voluntarily dismiss this case without prejudice is granted. This Court recognizes that Andersen is seeking to allow the defendants time to resolve this situation and, as such, to allow them more time to do so. This Court finds that this Order will not serve as a bar under res judicata to the re-filing of potential, future litigation by Andersen against Jack Stuef and/or the Estate of Forrest Fenn.

2. The alternative motion to stay is granted. This matter is stayed until September 1, 2021 or by motion of Andersen, whichever is earlier.

ORDER ENTERED:

_____

Barbara Andersen, 6256000
1220 West Sherwin, Unit 1E
Chicago, IL 60626
(708) 805-1123
bandersen@andersen-law.com